RITA FLYNN *vs.* FIRST NATIONAL STORES INC.

JOHN FLYNN *vs.* SAME.

Suffolk.    December 11, 1936. — February 23, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Food. Negligence,* In sale of food, Res ipsa loquitur. *Evidence,* Presumptions and burden of proof.

A party is not necessarily bound by testimony of a witness called by him.
A finding of negligence of a retail meat dealer toward one injured by a piece of wire in hamburg steak prepared and sold by the dealer was warranted by evidence from which it could be inferred that the wire must have got into the meat while it was in the dealer's store under his exclusive control.

TWO ACTIONS OF CONTRACT OR TORT.    Writs in the Superior Court dated May 23, 1932.

The actions were tried together before *Morton*, J., upon a single count in each declaration alleging negligence. The judge ordered verdicts for the defendant and reported the actions to this court.

*T. H. Bresnahan,* (*J. C. Kane* with him,) for the plaintiffs.

*W. J. Day,* for the defendant.

QUA, J.    These actions are prosecuted on the ground that the defendant was negligent in selling to the mother of the plaintiffs a pound of Hamburg steak made in its store containing small pieces of wire, whereby the plaintiffs were injured while eating the steak. *Newhall* v. *Ward Baking Co.* 240 Mass. 434, 436. The principal question is whether the judge rightly directed verdicts for the defendant.

The record contains no detailed description of the sizes or lengths of the pieces of wire, although the two pieces which caused the injuries were marked as exhibits at the trial. But each of these pieces could be identified as wire and each was large enough to cause substantial injury. And from the evidence that each of the plaintiffs was injured by a piece of wire in the very first mouthful of steak taken by each it could be inferred that the entire mass of steak contained a substantial number of pieces. There was evidence from which it could be found that the wire did not get into the Hamburg steak after it left the store. And the defendant's manager testified that there was no wire in the meat when it came into the store. Hence the jury could find that the wire got in while the meat was being stored, manufactured into Hamburg steak and kept for sale at the defendant's store under the defendant's exclusive control. They were not obliged to believe the testimony of the defendant's manager that it was impossible for wire to go through the Hamburg machine, even though this witness was called by the plaintiffs. *Salem Trust Co.* v. *Deery,* 289 Mass. 431, 435. The meat was hung in the ice box before it was made into Hamburg steak and after it was made into Hamburg steak it was placed on a platter

in a case ready for sale. The question then is whether these facts will support an inference of negligence with respect to the presence in the meat as sold of foreign material of the kind shown.

"The tendency of courts is to hold the manufacturer of food to a high degree of care because of the serious consequences to human life likely to follow his negligence." *Sullivan* v. *Manhattan Market Co.* 251 Mass. 395, 396. In *Ward* v. *Great Atlantic & Pacific Tea Co.* 231 Mass. 90, at page 95, this court said that "It is or may be found lack of due care for one to prepare beans for eating with pebbles still among them." In *Tonsman* v. *Greenglass*, 248 Mass. 275, this court held that evidence which would support an inference that "a thin piece of iron, about half an inch long and wide" got into a loaf of bread during the process of manufacture by the defendant justified submission of the issue of negligence to the jury. In *Richenbacher* v. *California Packing Corp.* 250 Mass. 198, it was held that the fact that pieces of glass got into a can of spinach before it was sealed warranted an inference of negligence. In *Doyle* v. *Continental Baking Co.* 262 Mass. 516, it was said that from the fact that a piece of metal was embedded in a loaf of bread the jury might infer that it got in during manufacture and that its presence was due to the negligence of the manufacturer. In *O'Brien* v. *Louis K. Liggett Co.* 282 Mass. 438, at page 441, it was held that if the jury found that pieces of glass fell into strawberry shortcake during the process of preparing it, they could infer that the clerk who served it was negligent in not discovering the glass. See also *Sullivan* v. *Manhattan Market Co.* 251 Mass. 395. Compare *O'Brien* v. *Louis K. Liggett Co.* 255 Mass. 553. We are inclined to the opinion that there is no sufficient difference between the cases just outlined and the present cases to justify a difference in ruling and that the present cases should have been submitted to the jury.

*Ash* v. *Childs Dining Hall Co.* 231 Mass. 86, is to be distinguished for the reason, among others, that the single tiny tack which there caused the injury might well have

become concealed in the berries before they were sold to the defendant in such manner that no practicable inspection would have discovered it.

We have considered the cases without regard to evidence that the "trunks" in which meat was delivered from the defendant's warehouse to its store were bound with wire, and that wire staples were used to hold price cards in the show cases, as it does not appear whether any of this wire was similar to that found in the meat. For the same reason no error is shown in the rejection of samples of this wire as exhibits.

We have not found it necessary to decide whether there was also evidence of the defendant's negligence in violating G. L. (Ter. Ed.) c. 94, § 150, relative to the sale of "unwholesome" food. *Schuler* v. *Union News Co.* 295 Mass. 350. That question has not been fully argued on both sides. In view of the wording of the act itself and of the strict construction of criminal statutes there would seem to be genuine doubt whether that statute applies to a case where the food is unfit solely because of foreign matter the presence of which is in no way due to any condition of the food itself. We do not intend to intimate any opinion upon this point.

In each case the verdict is set aside, and each case is to stand for a new trial.

*So ordered.*