CARMELA BERGANTINO *vs.* GENERAL BAKING COMPANY.

Middlesex. May 13, 14, 1937. — July 6, 1937.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* In manufacture of food.  *Food.*

Evidence that a pie was sold by the maker to a retailer and on the same day was bought and in part eaten by a customer who soon after became sick, that the next day it was found to be "all moulded, kind of green color," and that its condition was not caused by the retailer or the customer, warranted a finding that the maker was negligent.

TORT. Writ in the Superior Court dated May 5, 1933.

A verdict for the defendant was ordered by *Donahue,* J. The plaintiff alleged an exception.

*B. J. Killion & J. F. Connolly,* for the plaintiff, submitted a brief.

*R. J. Lavelle,* for the defendant.

CROSBY, J. This is an action of tort for personal injuries, alleged to have been sustained by the plaintiff as a result of eating unwholesome apple pie manufactured by the defendant. The plaintiff does not rely on a breach of warranty, as she had no direct contractual relations with the defendant, having purchased the pie from a retail distributor. *Roberts* v. *Anheuser Busch Brewing Association,* 211 Mass. 449, 451. *Gearing* v. *Berkson,* 223 Mass. 257, 260. *Newhall* v. *Ward Baking Co.* 240 Mass. 434, 436. *Carlson* v. *Turner Centre System,* 263 Mass. 339. In order to entitle the plaintiff to recover, she must prove that her injuries were caused by the negligence of the defendant in the manufacture or handling of the food which she purchased and consumed. As a manufacturer of foodstuffs, the defendant is held to a high degree of care to avoid injury to the health of consumers. *Wilson* v. *J. G. & B. S. Ferguson Co.* 214 Mass. 265. *Tonsman* v. *Greenglass,* 248 Mass. 275. *Richenbacher* v. *California Packing Corp.* 250 Mass. 198. *Sullivan* v. *Manhattan Market Co.* 251 Mass.

395, 396. *Doyle* v. *Continental Baking Co.* 262 Mass. 516. *Flynn* v. *First National Stores Inc.* 296 Mass. 521. The only exception saved by the plaintiff was to the direction of a verdict for the defendant; therefore it is necessary to decide merely whether there was sufficient evidence of negligence of the defendant to warrant the submission of this issue to the jury. *Salem Trust Co.* v. *Deery*, 289 Mass. 431, 433.

There was evidence as follows: On June 4, 1932, the plaintiff went to work without her breakfast. At noon she went to the hospital to see her nephew, and had no luncheon. She remained at the hospital until late in the afternoon, and on her way home she purchased a "Smax" apple pie at the store of one Vecchiarelli. At home she consumed some of the pie, together with a glass of milk. She thought the pie "tasted funny" but she "thought that it might be her mouth because she hadn't eaten anything before on that day." Before eating the pie she felt well but several hours thereafter she suffered from abdominal cramps and vomiting. The doctor who attended her found her suffering from abdominal cramps, diarrhea, vomiting and fainting spells. He diagnosed her illness as food poisoning caused by "eating of the putrid pie." She was unable to do any work for about three weeks thereafter. Although she testified that she did not feel well for almost a year after her illness, her doctor testified that her sickness after her return was due to other causes. The pie was of the defendant's manufacture, and when purchased by the plaintiff was in a "paper envelope-like bag with the word 'Smax' and the words 'General Baking Company' printed on it . . . ." It had been delivered by the defendant's salesman at Vecchiarelli's grocery store on the morning of the day on which the plaintiff purchased it. Between the time of the delivery and the sale to the plaintiff it was left on top of the show case in the store. On the morning after the plaintiff became sick the pie was examined by the plaintiff's husband, her doctor, and the storekeeper. It was "in the ice chest" in the plaintiff's home. They discovered that beneath the top crust the pie "was all moulded, kind of green color."

The doctor described the pie as "putrid" and explained that he meant by that "Anything which is contaminated with a foreign substance, which foreign substance may be meat or food."

There was ample evidence that the plaintiff was made ill by eating pie made by the defendant. The testimony that it tasted "funny" is no different in legal effect from the evidence that the food tasted "peculiar" in *Johnson v. Kanavos*, 296 Mass. 373, 375. The existence of mould on the pie the morning after some of it had been eaten warranted an inference that it was unwholesome at the time it was eaten. The evidence justified a finding that the plaintiff's illness was caused by eating the unwholesome pie. The doctrine of *res ipsa loquitur* does not apply to permit an inference of negligence from mere unwholesomeness. *Blanchard v. Kronick*, 269 Mass. 464, 465. *Cleary v. First National Stores Inc.* 291 Mass. 172, 175. We are of opinion, however, that the evidence warranted a finding in favor of the plaintiff. The pie was shown to have been kept for a reasonable time by the retailer. It came to him directly from the defendant. The presence of mould under the crust constituted a basis for an inference that the deterioration of the pie was due to defects in manufacture or handling for which the defendant was responsible. This rule is applied in cases where a foreign substance was found embedded within manufactured or processed food. *Flynn v. First National Stores Inc.* 296 Mass. 521, and cases cited. The present case is controlled by these cases in principle. The manner in which the decay occurred, together with the evidence which could have been found to preclude any alternative inference that the fault was that of the retailer or of the plaintiff, warranted a finding of negligence on the part of the defendant. It is unnecessary to determine whether the defendant falls within G. L. (Ter. Ed.) c. 94, § 150, which imposes a penalty on one who "himself or by his agent, sells or offers for sale" unwholesome food. *Schuler v. Union News Co.* 295 Mass. 350, 354. See *Flynn v. First National Stores Inc.* 296 Mass. 521, 524. There was ample evidence of negligence without resort to this statute.

We are of opinion that the action of the trial judge in directing a verdict for the defendant was erroneous. It follows that the entry must be

*Exceptions sustained.*