Briggs, J.
In this action there is a count in contract and one in tort, brought by the plaintiff to recover damages for personal injuries resulting to him from eating unwholesome pork which he bought from the defendant, by his .son as his agent on May 11, 1940. The answer is a general denial and averment of contributory negligence.
*231 There was evidence tending to show that on the morning of May 11,1940, the plaintiff gave his son, James, some money to buy items of food from the defendant’s store for the plaintiff. The son asked the defendant’s clerk for “six pounds of good pork”, whereupon the clerk replied “alright”, and selected a piece of pork from the show* case, and placed it on the scales. The son was then asked by the clerk “how he wanted it”, and he replied “eight chops, the rest in one piece”, which he received. It was further • shown that the plaintiff was thereafter served three of the pork chops, cooked by his wife. He did not eat all three because they did not taste good. The following morning, May 12, the plaintiff’s wife placed the single piece of pork into the oven, where it roasted for four to four and one-half hours at a temperature of 300 degrees Fahrenheit. At dinner that afternoon the plaintiff did not eat much of the roast pork because it did not taste as good as pork eaten before. That afternoon the plaintiff became ill, was worse - the next day, and on the 14th was taken to the hospital. On May 23 his illness was diagnosed as trichinosis. He remained in the hospital until June 18,1940, losing thirteen weeks from work.
Physicians testifying for each party ascribed the illness of the plaintiff as trichinosis, from eating pork on May 11 and 12.
It appeared that on May 25, 1940, the father-in-law of the plaintiff upon learning of the illness through a news item in the local press went to the store of the defendant and notified the clerk who sold the son of the plaintiff the pork that the plaintiff was made ill by eating pork bought in that store on May 11, at eleven A. M. The defendant admitted receipt of a letter from counsel for the plaintiff as follows:
*232 “First National Stores, Inc., 567 Washington Street, Quincy, Mass.
May 29, 1940.
Gentlemen:
This office has been retained by Rizallah, Mabelina and James Akoury in their claims for personal injuries sustained as a result of unwholesome food sold by you. I shall be pleased to discuss this matter with your representative.
Very truly yours, LEON RUBIN.”
From the foregoing evidence the trial court, among other special findings, found that “the plaintiff was served with three chops. He did not eat all three because they did not taste good. The plaintiff ate of the roast pork on Sunday, May 12th. I find that the pork eaten by the plaintiff on May 12th was the cause of his illness, and that he was guilty of contributory negligence in eating pork that did not taste good, a second time. ”...
“I find for the defendant in the tort because the plaintiff was guilty of contributory negligence and the defendant received no such notice of a defect in the food as is prescribed by law. I find for the defendant in the contract count because the defendant received no such notice of a defect in the food as is prescribed by law. ’ ’
The plaintiff duly filed numerous requests for “rulings and findings”. Of these only the following were refused:
“5. That the plaintiff was in the exercise of due care.
“6. The Court should apply the doctrine of res ipso loquitur and find for the plaintiff.”
*233 As to the latter there was no error. This doctrine is a rule of necessity, to he invoked only when necessary evidence is absent or unavailable. It does not establish liability where a definite cause is clear on the evidence. There was ample evidence here that the plaintiff was made ill by eating the pork, and it was so found by the Court. Undisputed evidence established the illness as trichinosis. Berguntino vs. General Baking Co., 298 Mass. 106.
The finding for the defendant in the tort “because the plaintiff was guilty of contributory negligence and the defendant received no such notice of a defect in the food as is prescribed by law” was two fold error by the court.
The finding that the plaintiff was guilty of contributory negligence was unsupported by the evidence shown in the report. It could only be based on the finding that the plaintiff “was guilty of contributory negligence in eating pork that did not taste good, a second time”. There was undisputed evidence that the illness was trichinosis, and that the presence of trichinae cannot be detected by tasting or by the naked eye; that it can be found in fresh as well as in stale pork; and that the only positive proof of its presence lies in laboratory tests. Even if the pork had tasted good, it still could have caused the plaintiff’s injury. There was no evidence that any condition giving rise to an unusual taste contributed to the illness.
The fact that a plaintiff has failed to exercise reasonable care for his own safety does not bar recovery unless the plaintiff’s harm results from a hazard because of which his conduct was negligent. It has no application to cases where there is no adequate understanding of the extent of *234 exposure to injury. The plaintiff must know and apprecite the particular danger and voluntarily put himself in the way of it, and the resulting injury must have its origin in the hazard which he should have reasonably foreseen. Stone vs. Boston & Albany R. R. Co., 171 Mass. 536, 541. Hanley vs. Boston Elevated Ry. Co., 201 Mass. 55, 58. Restatement of the Law — Torts — Sec. 465-466.
The 5th request of the plaintiff should have been granted.
The court granted the 11th request of the plaintiff— “That the defendant its agents or servants was negligent.” If, as he contends, the plaintiff relies upon violation of General Laws, c. 94, §150, it does not appear that the notice required under R. L. 106, § 38 is a prerequisite to recovery. While a count for breach of warranty may be included in a declaration in an action of tort (Schouler vs. Union News Co., 295 Mass. 350; Norton vs. Doherty, 3 Gray 372) an action of tort may also lie when based upon R. L. c. 94, §150. See Flynn vs. Growers Outlet, Inc., Mass. A. S. (1940) P. 1845; Mellace vs. John P. Square Co., Mass. A. S. (1940) P. 1335. It follows that we are unable to determine what, if any, consideration was given by the court to the alleged violation of R. L. c. 94, §150, and we cannot say that the ruling by the court that “the defendant received no such notice of a defect in the food as is prescribed by law” was not prejudicial to the plaintiff. So far as such notice was required under R. L. c. 106, §38, the finding of the trial court was one of mixed law and fact. We find no error.
The defendant argues in his brief that there was no contractual relation between the plaintiff and the defendant. *235 No requested ruling raises this question, nor does any finding made by the court more than inferentially touch upon it. There was some evidence presented tending to establish such a relation. We are unable to determine from the report how the matter was dealt with by the court. Since a new trial is to be had, it seems unnecessary to pass upon this question.
The finding for the defendant is to be vacated and the entry will be. New trial ordered.