*Western District*
No. 154236

### JOHN F. O'CONNOR

### v.

### AMERICAN CASUALTY CO.

Argued: Oct. 3, 1967   Decided: Nov. 7, 1967

*Present*: Garvey, P.J.; Moore, J. and Allen, J.

Tried to: *Sloan, J.*, in the District Court of Springfield. No. 154236.

*Allen, J.* This is an action of contract, upon an insurance policy, protecting the plaintiff against loss or damage to his personal property by theft or mysterious disappearance. There was a finding for the defendant and plaintiff claimed a report.

*There was evidence that* about the middle of November, 1957, the plaintiff left his room in a rooming house, to enter a hospital. He had not paid his rent for the previous five or six weeks and did not notify the landlady of his leaving. The landlady, after consultation with his brother and sister, removed his personal property from the room and attempted to notify the plaintiff by leaving a note on his door. The day the plaintiff left, she saw another man in the plaintiff's room, who told her the plaintiff said he could get in anytime. The plaintiff later claimed a footlocker was missing.

The report states: "After the plaintiff re-

turned from the hospital, sometime in December, 1957, the landlady testified that she returned all the goods that she had taken, to the plaintiff; that she gave some. . .to the plaintiff personally and she gave others to. . .Joe Young. . .as agent for the plaintiff. Plaintiff informed her through Joe Young, on December 7th that one of the footlockers was missing.''

The report states:

"After the plaintiff returned from the hospital, sometime in December, 1957, the landlady testified that she returned all the goods that she had taken, to the plaintiff; that she gave some. . .to the plaintiff personally and she gave others to. . .Joe Young. . .as agent for the plaintiff. Plaintiff informed her through Joe Young, on December 7th that one of the footlockers was missing.''

About a month after plaintiff returned from the hospital, he telephoned one Hurley, defendant's insurance agent, and mentioned items he claimed were missing. Hurley suggested he discuss it with his landlady. The plaintiff said he would. Plaintiff never notified the police of the alleged loss.

In September, 1958, plaintiff's attorney, gave Hurley "a list of articles which were allegedly stolen.'' Hurley sent the list to the defendant's claim manager. October 2, 1958, a form entitled "Notice of loss" was sent to

plaintiff's attorney who returned it October 30, 1958.

The policy insured against loss by theft or mysterious disappearance and required "notice" as soon as practicable, notice to the police, and a "detailed proof of loss, duly sworn to. . .within sixty days after the discovery of the loss." "The policy also states that no action shall lie against the company, unless as a condition precedent thereto, there shall have been full compliance with all of the terms of this endorsement. . ."

The Court allowed all the plaintiff's requests for rulings. "The plaintiff claiming to be aggrieved by the finding for the defendant in the light of the evidence and the granting of plaintiff's requests for rulings" the case was reported to the Appellate Division.

■ There was no error. The terms of the policy contained as conditions precedent to right of action: (1) notice of loss as soon as practicable, (2) notice to police, (3) detailed proof of loss, duly sworn to, within sixty days after the discovery of the loss. Plaintiff did not comply with any of these conditions. Failure to do so prevents recovery. *Barton* v. *Automobile Ins. Co. of Hartford*, 309 Mass. 128, 130. *Aisenberg* v. *Royal Ins. Co., Ltd*, 266 Mass. 544, 545. *Smith Beverages, Inc.* v. *Metropolitan Casualty Ins. Co.*, 337 Mass. 270.

■ The plaintiff in his brief and in his argu-for the defendant. The remedy in such case is

not by claiming a report, but is by motion to correct, or for a new trial. 1. *Feldman* v. *Davey Development Co., Inc.,* 370 Mass. 784. 2. *Vieira* v. *Balsamo,* 328 Mass. 37, 39.

**The report is to be dismissed.**

S. THOMAS MARTINELLI,
    for the plaintiff.
PHILIP J. RYAN,
    for the defendant.