STANLEY JACOBS *vs.* THE HERTZ CORPORATION.

Middlesex.   November 6, 1970. — December 30, 1970.

Present: TAURO, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Evidence,* Relevancy and materiality, Best and secondary, Hearsay, Registration certificate, Official written statement, Court record, Evidence of identity.

In an action against a certain corporation wherein an issue was whether the defendant was the owner of a motor truck involved in an accident, testimony by a witness that an examination of the registration certificate of the truck disclosed that it was registered in Connecticut to the defendant was inadmissible under the best evidence rule where no foundation was laid for its admission as secondary evidence [542–543]; the registration certificate itself was inadmissible as hearsay on such issue where it was not shown to be an admission or an official written statement [543]; and a duly authenticated copy of the court record in a criminal proceeding in Connecticut against the operator of the truck including a complaint alleging that the defendant was the owner of the truck, as to which a police officer who signed the complaint testified that he had obtained such information from the registration certificate, was not admissible under G. L. c. 233, § 69, since that statute did not make the hearsay allegation as to the defendant competent evidence [544].

Evidence merely that the name of a certain corporation appeared on a motor truck would not warrant a finding that the corporation was the owner of the truck. [544]

TORT.   Writ in the Superior Court dated September 3, 1965.

The action was tried before *Johnson, J.,* a District Court judge sitting under statutory authority.

*Philip T. Corwin* for the defendant.

*Edward B. Ginn* for the plaintiff.

SPALDING, J.   In this action of tort the plaintiff had a verdict.   The case is here on the defendant's exceptions to

two rulings on evidence and to the denial of its motion for a directed verdict.

We recite only so much of the evidence as is necessary to an understanding of the challenged rulings. About 10 A.M., September 9, 1964, the plaintiff was driving a motor vehicle on the Connecticut Turnpike. In front of him was a tractor-trailer truck proceeding at fifty to fifty-five miles an hour. The plaintiff "noticed the spare tire of the truck had fallen out of the rack located beneath the trailer." It went under the wheels of the truck and bounced back, striking the plaintiff's car. The truck stopped about a quarter of a mile down the highway. The plaintiff also stopped, and shortly thereafter two Connecticut State police officers arrived. The plaintiff observed the name "Spear-Newman" on the truck and an "insignia on the truck that . . . [read], 'The Hertz Corporation.'"

1. The first ruling challenged by the defendant occurred in the following circumstances. The plaintiff testified on direct examination that he looked at the registration certificate of the truck in the presence of the State police. The plaintiff was then asked, subject to the defendant's objection and exception, whether he had observed "in which State the registration had been issued." The plaintiff answered, "It was registered in the State of Connecticut." The plaintiff was then asked, "When you observed this registration certificate in the presence of the party that gave it to you and the police officer, did you observe on it an indication of the registered owner?" The witness, subject to the defendant's objection and exception, answered, "The Hertz Corporation."

This evidence, as the defendant argues, was obnoxious to the best evidence rule. The plaintiff does not argue the contrary. Rather he argues that the defendant did not properly preserve this point for this court. The defendant's objections to the questions were general. The plaintiff invokes the familiar rule that "a general objection and exception to evidence will not prevail, if the evidence is competent for any purpose." *Solomon* v. *Dabrowski*, 295 Mass. 358, 359.

If the plaintiff's testimony was admissible on any ground, the overruling of the general objection must be sustained. However, the only relevance the plaintiff's responses had was on the issue of the truth of the statements contained in the registration of the truck. Therefore, this testimony was not admissible on any other ground. No attempt was made to lay any proper foundation for its admission as secondary evidence. ' The defendant's objection should have been sustained. *Fauci* v. *Mulready,* 337 Mass. 532, 540–542. Moreover, there is nothing in the record to show that the registration certificate itself was admissible. It was not shown to be either an admission or an official written statement, kept under and conforming to the requirements of law. In the absence of such a showing the document, offered to prove the truth of its contents, would be offensive to the hearsay rule.

2. The other challenged ruling occurred in the following circumstances. The plaintiff offered in evidence a duly certified copy of the court record in the case of State *vs.* Walter Goins.[1] This was admitted over the objection and exception of the defendant and marked exhibit 1. There was evidence that Goins was the operator of the truck from which the spare tire had fallen. One James B. White, a Connecticut State police officer called by the plaintiff, testified that he signed the original of exhibit 1, which, among other things, listed "information concerning license . . . and registration numbers." [The witness then stated that he obtained the information listed on the exhibit "[f]rom [the] operator's license and vehicle registration certificate," and that this latter document revealed that the truck was registered to "The Hertz Corporation, 46 Goodwin Street, New Haven, Connecticut." This evidence was admitted subject to the objection and exception of the defendant. The judge then instructed the jury that exhibit 1 was admitted "only for the limited purpose of showing whether or not this trailer-truck . . . was registered in the name of

---

[1] This record consists of a traffic ticket (called complaint) setting forth the alleged violation, and the court's disposition.

the defendant as owner." The defendant saved its rights to this instruction.

The designation of the owner of the vehicle is set forth in the complaint, which consists of Officer White's allegation that Goins committed the offence of "Failure to Secure Load. [Connecticut General Statutes] Sec. 14–271" in a vehicle owned by "Hertz Corp. 46 Goodwin St., New Haven Ct."

The plaintiff seeks to justify the admission of the document under G. L. c. 233, § 69, which sets forth the requirements for the admissibility of court records and judicial proceedings of another State. This statute does not aid the plaintiff. It does not make everything contained in such a record competent evidence. The allegation in the complaint against Goins was hearsay as to the defendant, even though the record itself was properly authenticated. The mere fact that this allegation was made part of a court record did not make it admissible under the official written statement exception to the hearsay rule. It was not an official record of a primary fact, because it was taken from another document, namely the registration certificate itself. See Leach and Liacos, Handbook of Massachusetts Evidence, 243; *Commonwealth* v. *Slavski*, 245 Mass. 405, 417. Compare *Lodge* v. *Congress Taxi Assn. Inc.* 340 Mass. 570. Although the objection was general, this evidence was not admissible on any other ground. It follows that the defendant's objection should have been sustained.

We are satisfied that the erroneous rulings on evidence discussed above were prejudicial to the defendant. Without this evidence there was insufficient proof that the defendant was the owner of the truck. The fact that the plaintiff testified that he saw the insignia "The Hertz Corporation" on the truck is not enough. The "bald identity of name without confirmatory facts or circumstances" is insufficient. *Ayers* v. *Ratshesky*, 213 Mass. 589, 594. *Cochrane* v. *Great Atl. & Pac. Tea Co.* 281 Mass. 386, 390–391.

3. The defendant also excepted to the denial of its motion for a directed verdict, but we deem it unnecessary to discuss

this.   Because of the erroneous rulings on evidence there must be a new trial.   It is conceivable that there will be competent evidence at that trial establishing that the defendant was the owner of the truck.   In any event, the plaintiff should be given an opportunity to present such evidence.   If such evidence were introduced, a very different situation would be presented and a discussion of the directed verdict ruling on the present record would be academic.

*Exceptions sustained.*