*Municipal Court of the West Roxbury District*

No. 29967

**KENNETH E. FRITZ**

**v.**

**RICHARD BRENNAN**

Argued: Oct. 28, 1970 - Decided: April 13, 1971

*Present:* Murphy, P.J., Lee, Covett, JJ.

Case tried to *Casey, J.* in the Municipal Court of the West Roxbury District No. 29967.

**Lee, J.** This is an action of tort for negligence in which the plaintiff seeks to recover for damage done to his motor vehicle. The answer is a general denial and sets forth the defendant's affirmative defenses of contributory negligence on the part of the plaintiff; the defendant further answered that the plaintiff's automobile was illegally registered and said illegal registration was the proximate cause of the alleged accident that the accident did not happen on a public highway, and that the plaintiff's vehicle was operated in violation of the law.

The parties stipulated by agreement the

amount of damages would be $309.23. The court found for the plaintiff in the sum of $309.23.

*At the trial the evidence was as follows:*

On December 27, 1968 at approximately 11:48 P.M. there was an accident involving the plaintiff's vehicle and the defendant's vehicle in Brookline, Massachusetts at or near the intersection of Cypress Street and Boylston Street, also known as Route 9. Testimony given at the trial indicated that it was snowing lightly at the time of the accident and that the road surface was slick and slippery.

The defendant was heading east on Route 9 towards Boston; and in his testimony he alleges that he was in the middle lane of three lanes of traffic heading easterly and that there were three lanes of traffic heading westerly which were divided by a center island.

That at some distance back on Route 9 prior to the accident the defendant was traveling at approximately forty miles per hour; that at approximately one hundred feet from the intersection of Cypress Street the defendant's speed was approximately twenty-five miles per hour; that at approximately twenty-five feet from the intersection of Cypress Street defendant was traveling at approximately ten to fifteen miles per hour.

The defendant further testified that he knew that the speed limit at or near the intersection of Cypress Street and Route 9 was thirty miles per hour.

The traffic signal in the defendant's direction was green, allowing him to proceed. As he approached the intersection, he testified that he was not aware of any traffic in front of him, to the left of him or to the right of him, but was aware of traffic to his rear. He further testified that an unknown car suddenly turned left in front of him in order to make a left-hand turn, and he applied his brakes and turned to the left to avoid a collision.

The defendant further testified on direct examination that he thought the car came from behind and to his right. When he applied his brakes, he went into a skid; and his automobile went to the right. There was no contact with the unknown vehicle.

The defendant's vehicle came into contact with a pole on his right supporting the traffic signal lights, said pole being on the southeast corner of Cypress Street and Route 9. His vehicle then struck an adjacent traffic control box, a fire hydrant and jumped a barrier surrounding the parking lot of Volkswagen Brookline, Inc., striking a 35-foot light pole on the premises of the company and a used car sign, thus causing damage to four unoccupied vehicles in the parking lot, one of which was owned by the plaintiff.

From the time the defendant first applied his brakes until the car came to rest, his vehicle traveled from between a block to a block and a half.

On cross-examination, defendant testified that he did not know where the unknown vehicle came from, but was certain that it did not come from Cypress Street.

The Court, at the request of the defendant, allowed the following rulings:

1. All the evidence presented warrants a ruling that defendant was exercising the duty of due care required of a motor vehicle operator acting as a reasonable and prudent man immediately preceding the accident.

2. All the evidence presented warrants a ruling that defendant had time only to act instinctively to the actions of an unknown third party.

3. All the evidence presented warrants a ruling that the proximate cause of the accident was the negligence of an unknown third party and not the negligence of the defendant.

4. All the evidence presented warrants a ruling that defendant was not negligent in placing himself in a position that when he first became aware of the danger, he had time only to act instinctively.

5. All the evidence presented warrants a ruling that due care does not require a reasonably prudent driver to drive in the constant expectation that instant action is likely to arise.

6. All of the evidence presented war-

rants a ruling that defendant's response or reaction to the act of the unknown third party measured up to that of a driver of ordinary competence acting under similar circumstances.

The defendant claims to be aggrieved by the finding for the plaintiff as it is contrary to the evidence presented and the defendant's request for rulings which were allowed and that the finding for the plaintiff is contrary to the law.

The question posed here by the defendant is why the trial justice allowed his six requests for rulings of law warranting evidence, which purported to establish due care and lack of negligence on his part and yet made a finding for the plaintiff.

The action of the trial justice in allowing these requests for rulings of law requested by the defendant and then making a general finding for the plaintiff without a special finding or explanation creates a variance or inconsistency. *National Shawmut Bank* v. *Johnson,* 317 Mass. 485.

The defendant's remedy should have been a motion for a new trial or a motion to correct this alleged inconsistency and not by a report. His failure to do so is fatal. *National Shawmut Bank* v. *Johnson,* 317 Mass. 485. *Vieira* v. *Balsamo,* 328 Mass. 37. *O'Connor* v. *Lamothe,* 38 Mass. App. Dec. 163. *O'Connor* v. *American Casualty Company,* 38 Mass. App. Dec. 175.

The report also does not have the statement

that "it contains all of the evidence material to the question reported." This statement, although substantial and most helpful, may be waived. *Irving* v. *Borjorno,* 327 Mass. 516. *Swistak* v. *Paradis,* 288 Mass. 377.

**The report is to be dismissed.**

JOHN L. ALLEN,
 for the Plaintiff.

JOSEPH P. ROMAN, JR.
 for the Defendant.