*Southern District*

No. 54

## BARBARA SMITH

v.

## H. P. HOOD & SONS, INC.

·Argued: Feb. 12, 1973 - Decided: May 21, 1973

*Present:* Murphy, P.J., Covett, Rider, JJ.

Case tried to *Silva, J.* in the Second District Court of Bristol, No. 36267 of 1971.

**Covett, J.** This is an action of tort and contract in which the plaintiff seeks to recover for personal injuries allegedly sustained by her when, on or about May 15, 1971, her teeth and mouth were injured when she bit into a piece of glass allegedly contained in a carton of cottage cheese. Count I alleges that the defendant was careless and negligent in the manufacture, distribution or sale of the cottage cheese. Count II alleges that the defendant warranted said cottage cheese to be wholesome and fit to eat and that in fact it was not and that the defendant well knew or might have discovered by the exercise of reasonable care in the preparation or distribution of said cottage cheese that it was not wholesome and fit to eat. Count III alleges that the defendant expressly and impliedly warranted said cottage cheese to be wholesome and fit for human consumption and that in fact it was not and that, therefore, the defendant, its agent or servants were negligent and careless in the distribution and sale of said cottage cheese and did, therefore, breach its warranty of fitness and merchantability.

The defendant's answer, material to the issues in this case, consists of a general denial

and a defense that the accident was caused by a person or persons over whom the defendant had no control.

The court found for the plaintiff in the sum of $1,228. with interest and costs.

**At the trial there was evidence tending to show that** on May 13, 1971, the plaintiff purchased a container of cottage cheese from the Brockton Public Market located in Taunton, Massachusetts, on Route 44. Said container was introduced into evidence by the plaintiff, still containing the cottage cheese; that said cottage cheese was taken home by the plaintiff and was put into her refrigerator; that the following Saturday morning, May 15, 1971, the plaintiff took out said cottage cheese and served it some time that morning to herself and three guests; that when she bit down on a piece of said cottage cheese, she experienced pain in her left upper and lower molars; that she took a piece of glass out from her mouth, which glass was introduced into evidence; that subsequently the plaintiff went back to the Brockton Public Market and spoke with someone there about the cheese; also introduced into evidence was a letter allegedly from Samuel A. Richards, Jr. which letter was allowed into evidence solely for the purpose of indicating notice from the plaintiff to the defendant; that subsequently the plaintiff had some work done on her teeth and incurred a medical bill in the amount of $228.

At the close of the evidence and before the final arguments, the defendant submitted the following requests for rulings:

1. The evidence warrants a finding for the defendant on counts II and III because the plaintiff did not establish privity of contract with the defendant.

2. The evidence requires a finding for the defendant on counts II and III because the plaintic did not establish privity of contract with the defendant.

3. The evidence warrants a finding for the defendant on count I because the plaintiff did not show that the defendant was negligent in the manufacture, distribution or sale of the cottage cheese referred to in her declaration.

4. The evidence requires a finding for the defendant on count I because the plaintiff did not show that the defendant was negligent in the manufacture, distribution or sale of the cottage cheese referred to in her declaration.

5. The evidence warrants a finding for the defendant on counts II and III because the plaintiff did not prove a sale by the defendant of said cottage cheese and, therefore, no warranties came into being.

6. The evidence requires a finding for the defendant on counts II. and III because the plaintiff did not prove a sale by the defendant of said cottage cheese and, therefore, no warranties came into being.

7. The evidence warrants a finding for the

defendant on count I because the plaintiff did not identify the defendant as the manufacturer, distributor or seller of said cottage cheese.

8. The evidence requires a finding for the defendant on count I because the plaintiff did not identify the defendant as the manufacturer, distributor or seller of said cottage cheese.

9. Massachusetts General Laws, Chapter 106, Section 2, Subsection 318, as amended on August 18, 1971, is not applicable to the above case.

The court made the following rulings on the defendant's requests:

1. Denied as I find said counts sound in tort and privity of contract is not required.

2. Denied for the same reason.

3. Allowed, but I find that the defendant was negligent.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Allowed.

The court found the following facts:

"I find that on May 13, 1971, the plaintiff purchased a sealed container of cottage cheese prepared by the defendant, H. P. Hood and Sons Inc. from the Brockton Public Market; that it was stored in her refrigerator at home

until opened on Saturday morning, May 15, 1971; that upon consuming said cottage cheese, a piece of glass which was contained therein caused injury to the upper and lower left molars; that notice was given to the defendant; that the defendant owed a duty to the plaintiff to package same free of any foreign substance; that the defendant failed to prepare and package said food in a manner which would result in its being free of any foreign substance."

The defendant claimed to be aggrieved by the denial of its requests for rulings numbered 1, 2, 4, 5, 6, 7, and 8 and by the allowance of requests for rulings 3 and 9, claimed a report to this Division for determination.

There are four claims of error in this case.

*First,* the defendant argues that in allowing its request for ruling numbered 3 the court was inconsistent in finding for the plaintiff on count I in tort for negligence. The court's findings of fact clearly show that he found the defendant negligent. The inconsistency of the court's action must be brought to the attention of the trial judge by a motion to correct the inconsistency or a motion for new trial to be adopted first and not by a report to this court. *Biggs* v. *Densmore,* 323 Mass. 106, 108. *Raytheon Mfg. Co.* v. *Indemnity Ins. Co.,* 333 Mass. 746. *Fitz* v. *Brennan,* 46 Mass. App. Dec. 26. *Deane Building Associates, Inc.* v. *Bruffe,* 47 Mass. App. Dec. 78, 82. The condition precedent not having

been met, the court's action on request numbered 3 is not properly before us.

■ *Second,* the defendant claims that the plaintiff did not identify the defendant as the manufacturer of said cottage cheese. At the time of argument, the defendant conceded that the container of cottage cheese bore the trade name, "H. P. Hood and Sons". Although bald identity of name without confirmatory facts or circumstances is not enough to indicate identity of person, *Ayers* v. *Ratshesky,* 213 Mass. 589, 594, *Herman* v. *Fine,* 314 Mass. 67, very slight evidence in addition to identity of the name or names might be enough to prove identity of person. *Nugent* v. *Popular Markets, Inc.,* 353 Mass. 45, 47 and cases cited. By G.L. c. 156B, §11 (a) a corporation is prohibited from assuming the name or trade name of another corporation or of a firm, association or person carrying on business in the Commonwealth except with the written consent of such corporation, firm, association or person previously filed with the state secretary. "A trade name embraces also the individuality of the maker not only for the protection in the sale of his wares but to avoid the confusion in the market, and to obtain the benefit of a well established mercantile reputation." *Simoneau* v. *Landry,* 242 Mass. 578, 580. We are not concerned with the ownership of the container in order to impose liability on the defendant in tort, but rather whether the de-

fendant, on all the evidence, could be found to be the manufacturer of the cottage cheese. The fact that the label on the container bore the trade name of "H. P. Hood and Sons" and in absence of any evidence tending to show that the trade name was being wrongfully used, is sufficient to warrant an inference that the defendant was the manufacturer of the product. *Doyle* v. *Continental Baking Co.,* 262 Mass. 516. *Randolph* v. *Five Guys from Boston, Inc.,* 354 Mass. 730, 732. It is unlikely that there were two businesses in this Commonwealth with the same name. *Nugent* v. *Popular Market, Inc.,* 353 Mass. 45, 47. The cases of *Cochrane* v. *Great Atlantic and Pacific Tea Co.,* 281 Mass. 386 and *Jacobs* v. *The Hertz Corporation,* 358 Mass. 541, 544 are to be distinguished. The defendant's requests for rulings numbered 7 and 8 were properly denied.

*Third,* the defendant claims that the evidence was insufficient to prove that the defendant was negligent. "The manufacturer of an article of food for human consumption owes a duty to the ultimate consumer to exercise care in its preparation and output in order that his product will not cause injury to the consumer, and the degree of care that must be exercised is commensurate with the danger to the life and health of the consumer that might probably result from the lack of such care". *Johnson* v. *Stoddard,* 310 Mass. 232,

235, 236 and cases cited. A manufacturer of food is held to a high degree of care because of the serious consequences to human life likely to follow his negligence. *Sullivan* v. *Manhattan Market Co.*, 251 Mass. 395, 396. *Flynn* v. *First National Stores, Inc.*, 296 Mass. 521, 523. Although the doctrine of res ipsa loquitur does not apply to permit an inference of negligence from mere unwholesomeness, *Bergantino* v. *General Baking Co.*, 298 Mass. 106, it has been held that proof of the presence of a foreign substance in a sealed food container is sufficient to raise a presumption or inference of negligence on the part of the manufacturer or seller of the food in question. In *Richenbacker* v. *California Packing Corp.*, 250 Mass. 198, it was held that the fact that pieces of glass got into the can during the preparation of spinach and before it was sealed warranted an inference of negligence. In *Doyle* v. *Continental baking Co.*, 262 Mass. 516, it was held that from the fact that a piece of metal was embedded in a loaf of bread which was manufactured by the defendant and sold in a sealed wrapper the jury might infer that it got in during the manufacture and that its presence was due to the negligence of the manufacturer. In *O'Brien* v. *Louis K. Ligget Co.*, 282 Mass. 438, at page 441, it was held that if the jury found that pieces of glass fell into strawberry shortcake during the process of preparing it, they could

infer that the clerk who served it was negligent in not discovering the glass. In *Flynn* v. *First National Stores, Inc.,* 296 Mass. 521, it was held the evidence supported an inference of negligence where pieces of wire were found in hamburg steak which was stored, prepared and kept for sale at the defendant's store under its exclusive control. The case of *Ash* v. *Child's Dining Hall Co.,* 231 Mass. 86, cited by the defendant, was distinguished in the *Flynn* case because the single tiny tack which there caused the injury might well have become concealed in the berries before it came into the possession of the defendant as afterwards as the berries were packed in quart wooden baskets in which there were similar tacks. The trial judge was warranted in drawing an inference of negligence from the facts here and did not err in denying the defendant's request numbered 4.

*Fourth,* the defendant's claim of error is directed to the court's finding for the plaintiff on the breach of warranty counts II and III. When this cause of action arose, the absence of privity of contract was fatal to the plaintiff's recovery. *Haley* v. *Allied Chemical Corp.,* 353 Mass. 325, 331. *Necktas* v. *General Motors Corp., Pontiac Division,* 357 Mass. 546, 549. It was error to deny the defendant's requests for rulings numbered 1, 2, 5, and 6. The amendment changing the law so as to eliminate the privity of contract requirement

in warranty cases was approved on August 18, 1971 and applied to sales made on or after the effective date of the Act. St. 1971, c. 670, §§ 1 and 2, now G.L. c. 106, § 2-318. Since the sale of cottage cheese took place on May 13, 1971, the court correctly allowed the defendant's request numbered 9. The finding for the plaintiff on counts II and III was error.

No prejudicial error is found as to the finding for the plaintiff on count I, therefore an order should be entered dismissing the report as to the count.

On counts II and III, the finding for the plaintiff is to be vacated and judgment for the defendant ordered. **So ordered.**

RICHARD N. LASALLE.

for Plaintiff

PAUL G. MURPHY

for Defendant