COMMONWEALTH *vs.* LAWRENCE READY-MIX CONCRETE CORP. April 27, 1976. On June 19, 1974, an inspector of the Registry of Motor Vehicles stopped a trailer truck driving on Chelsea Street in the Charlestown district of Boston, weighed the vehicle on scales in City Square, recorded the numbers on the registration plates of the truck and the trailer, and thereafter charged the defendant with permitting operation of the vehicle on a public way with a gross weight in excess of that for which the vehicle was registered in violation of G. L. c. 90, § 19A (as amended through St. 1972, § 126). The defendant appeals from its conviction as charged. 1. We reject the argument that the defendant cannot be convicted unless it is shown that it had actual knowledge of the violation. See *Commonwealth* v. *Ober,* 286 Mass. 25, 30-32 (1934), and cases cited. The language relied upon by the defendant from *Leone* v. *Doran,* 363 Mass. 1, 9 (1973) ("Aside from the case in which the owner or person in control of a motor vehicle permits its operation by an unlicensed operator, any other violation of c. 90 during the permitted operation of the vehicle will attach criminal responsibility to the owner or person in control only if he had knowledge of the violation") is an interpretation of the offenses set out in G. L. c. 90, § 12, and has no application to this case. 2. The inspector's testimony concerning the numbers on the registration plates did not violate the best evidence rule; there is nothing to the contrary in *Jacobs* v. *Hertz Corp.* 358 Mass. 541, 542-543 (1970). 3. The burden of proving that it had a permit issued under G. L. c. 85, § 30, to operate the vehicle at a gross weight in excess of that permitted by c. 90 was on the defendant. See *Commonwealth* v. *Pauley,* 368 Mass. 286, 299, n.17 (1975). 4. The asserted remoteness of the registration certificates, of the certificate to the effect that the inspector was a qualified weigher, of the certificate on the accuracy of the scales, and of the certificate that Chelsea Street was a public way went merely to the weight of the evidence and not to the admissibility thereof. 5. The motion for a directed verdict of not guilty was properly denied.

*Exceptions overruled.*

The case was submitted on briefs.

*Dianne C. Roberts* for the defendant.

*Andrew Hier,* Special Assistant District Attorney, for the Commonwealth.