FRANK G. WOOD *vs.* LIBERO SPEDONI
(and a companion case[1]).

Middlesex.    January 9, 1952. — March 4, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Contract,* Building contract. *Payment. Practice, Civil,* Requests, rulings and instructions.

In an action by a building contractor against an owner of real estate for certain extras, the evidence warranted a finding that the defendant had paid the plaintiff for the items in question and justified a finding for the defendant.

In an action heard without jury there was no inconsistency between a finding for the plaintiff which was warranted on the evidence and the granting of a request for a ruling that the evidence warranted a finding for the defendant.

An owner of real estate, whose wife by mistake and contrary to his instructions made a payment to a building contractor whereby the contractor was paid more than he was entitled to under a contract between the parties, could recover the amount of the overpayment from the contractor.

A judge hearing an action without jury may properly refuse a requested ruling based on assumed facts contrary to those found on conflicting evidence.

Two ACTIONS OF CONTRACT. Writs in the District Court of Natick dated January 27, 1950, and March 24, 1950, respectively.

The actions were heard by *Bigelow,* J.

In this court the cases were submitted on briefs.

*P. C. Hanna,* for Wood.

*W. H. Healey,* for Spedoni.

WILLIAMS, J.   In the first of these two actions of contract

---

[1] The companion case is by Libero Spedoni against Frank G. Wood.

Wood, a contractor, seeks to recover a balance alleged to be owed to him by Spedoni, under the terms of a building contract, and in the second Spedoni seeks to recover the amount of an alleged overpayment made by him to Wood on the same contract. The cases were tried together and, after findings for the defendant in the first case and for the plaintiff in the amount of $528.87 in the second case, were reported by a judge of the District Court to the Appellate Division. The cases are before us on appeals by Wood from decisions of the Appellate Division dismissing both reports.

The judge found that Wood contracted with Spedoni to complete, for the price of $4,000, the building of a house which Spedoni had purchased from a bank in an unfinished state, and that it was agreed that extras were to be furnished at a cost of $440.95. There was evidence that, after Spedoni had paid the sum of $3,969.82, Mrs. Spedoni by mistake and contrary to the instructions of her husband delivered to Wood a check for $1,000 which had been received from a certain bank on a mortgage and had been indorsed by Spedoni. At the time of the payment of this check, the amount owed by Spedoni, according to the contract price as found by the judge, was $471.13. The delivery of the check therefore resulted in an overpayment by Spedoni in the amount of $528.87.

In the first case the report raises the question of the correctness of the judge's denial of a ruling requested by Wood that "There is no evidence of payment for the items sued on in the plaintiff's declaration and the plaintiff is entitled to recover." The "items sued on" were for extras and as alleged totaled $231.95. The judge found that the amount of these extras which Wood was entitled to recover was in fact $193.95, which sum was included in the total amount of $4,440.95 which Spedoni had agreed to pay. As there was evidence that, including the final check of $1,000, Wood had received $4,969.82 from Spedoni, it is plain that there was evidence of payment of the items to which reference was made in the request. In its denial and in the finding for the defendant there was no error.

In the second case the judge found that after crediting Spedoni with the aforesaid payment of $1,000, Spedoni had overpaid Wood the amount of $528.87 and was entitled to recover that amount. It also appears, although not under the specific heading "Finding," that the judge found, "When Spedoni received the last check for $1,000 [from the bank] on August 20, he and Mrs. Spedoni indorsed it but Spedoni instructed Mrs. Spedoni not to deliver the check to Wood until he could agree with Wood on the amount due. Mrs. Spedoni by mistake delivered the check at Wood's house. . . . Wood collected this check."

We think there was no error in dealing with Wood's requests for rulings in this case. It is settled that by granting the request that "The evidence is sufficient to warrant the court in finding for the defendant" there was no inconsistency in finding for the plaintiff where, as here, the evidence warranted such finding. *Strong* v. *Haverhill Electric Co.* 299 Mass. 455. There was also no error in the denial of the requests relating to the delivery of the $1,000 check. They were based on assumed facts concerning which the evidence was conflicting and which were contrary to the finding of the judge above quoted. *McLauthlin* v. *Wilder,* 138 Mass. 393, 397. *Hooper* v. *Cuneo,* 227 Mass. 37, 40. *Stein* v. *Almeder,* 253 Mass. 200, 205. *Wilson* v. *Birkenbush,* 305 Mass. 173, 175. *Perry* v. *Hanover,* 314 Mass. 167, 173–175. *Liberatore* v. *Framingham,* 315 Mass. 538. The orders of the Appellate Division dismissing the reports are affirmed.

<em>So ordered.</em>