*Northern District*

No. 4665

## EILEEN LOMBARD

v.

## FANNY C. MASON

(July 15, 1953)

*Cavan, J.* This is an action of tort for damage to the plaintiff's automobile, while it was being operated by her husband, with her permission.

On June 15, 1951, at about 5:45 p.m., the defendant was driving her automobile on the south side of Route 1-A in Revere, Massachusetts, in an easterly direction, at a speed of about thirty-five miles an hour. At the time, it was raining very hard. Just opposite the Wonderland Dog Track, she brought her automobile to a stop in traffic, at a distance of about six or eight feet to the rear of the car in front.

Following the defendant's automobile, was the car of the plaintiff, operated by her husband, with her permission. It was about twenty feet behind, when the defendant's automobile came to a stop. Although its brakes were applied, it struck the rear of the defendant's automobile.

The defendant did not give a hand signal before stopping her automobile which, she testified, was a 1950 Buick Coupe, equipped with rear red light in good working order.

The operator of the plaintiff's car testified that

there was no red light in the rear of the defendant's automobile, and that it came to a sudden stop.

The trial judge found for the plaintiff, after making the following statement of findings:

"I find that the accident was caused by the negligence of the operator of the plaintiff's car and the negligence of the defendant; and that the relation between the operator of the plaintiff's car and the plaintiff was that of bailee and bailor."

The defendant claims to be aggrieved in that the finding for the plaintiff is inconsistent with the judge's allowance of the following defendant's request for ruling:

"2. The evidence warrants a finding that the defendant did not violate any duty owed to the plaintiff."

Rear end collisions are not within the rule res ipsa loquitor. "Slight evidence of the circumstances, however, may place the fault." *Lech v. Escobar*, 318 *Mass.* 711, 712; *Jennings v. Bragdon*, 289 *Mass.* 595, 597; *Hendler v. Coffey*, 278 *Mass.* 339, 340.

There was evidence that the defendant's stop was sudden; that she gave no hand signal of her intention to stop and that there was no red light on the rear of her automobile. Finding that the defendant was negligent, indicates that the judge believed this evidence.

There was also evidence that the defendant stopped her automobile in traffic, about six or eight feet to the rear of the car in front, and that the electric system in her automobile was in good working order. It would seem that, because of this evidence, the judge gave defendant's request numbered 2. Of such requests, the Court states, in *Strong v. Haverhill Electric Co.*, 299 *Mass.* 455, 456, "It is not illogical to make, at the request of a plaintiff, such a ruling as was requested, and then to find generally in favor of the defendant upon a con-

sideration of the evidence." *See Wood v. Spedoni, 328 Mass. 483, 485.*

The judge's finding was not inconsistent with the allowance of the defendant's request numbered 2, and the report is to be dismissed.

For Plaintiff: John P. White. Robert A. Lombard.

For Defendant: Daniel W. Riordan, James E. Davis.