*Western District*

#15223 #15664

## MILFORD NATIONAL BANK AND TRUST COMPANY

v.

### JOSEPH R. BROWN
### HILDA C. BROWN
### WILLIAM E. BROWN
### JOSEPHINE O. BROWN

Argued: June 18, 1970 - Decided: July 7, 1970

*Present:* Garvey, P.J., Levine, and Sloan, J.J. Case tried to *Di Vitto, J.* in the Third District Court of Southern Worcester #15223 #15664.

**Sloan, J.** These are two actions of contract consolidated and tried together in which the plaintiff seeks to recover $2,500.00 in No. 15,223 and $5,083.00 in No. 15,664 based on a single promissory note, relied on in both actions and brought against each defendant in four separate counts.

The answer of the defendants in each case is a general denial and payment. The defendants' answer was amended prior to trial in which the defendants Joseph R. Brown and William E. Brown, further alleged their signatures were obtained by misrepresentation, lack of consideration and lack of consideration to pay the debt of another. The defendants, Hilda C. Brown and Josephine O. Brown, further answered they did not execute the promissory note on June 8, 1967 as alleged, their signatures were obtained by misrepresentations, they received no consideration, and lack of consideration because the note was a promise to pay the debt of Chryslerville, Inc.

The court found in case No. 15,223 for the plaintiff on Counts 1, 2, 3 and 4 for $2,500.00 plus interest of $47.09 (at 6% per annum from November 9, 1967 to March 1, 1968. There is to be but one satisfaction), and in case No. 15,-664 for the plaintiff on Counts, 1, 2, 3 and 4 in the sum of $5,083.41 plus interest of $360.05 at (6% per annum from November 9, 1967 to January 7, 1969. There is to be but one satisfaction).

The defendants duly made the following request for ruling, in both cases:

"If the court shall find that the note dated June 8, 1967 and signed by the defendants, Joseph R. Brown and William E. Brown was executed on June 8, 1967 and subsequent to that date the wives of the said defendants, Hilda C. Brown and Josephine O. Brown signed the same note and said wives received no money or consideration, the court shall be warranted in finding that no consideration passed to the said wives on said note."

The court denied the defendants' request for ruling and the defendants claim to be aggrieved by said denial.

*At the trial there was evidence tending to show:*

The defendant Joseph R. Brown was the treasurer and general manager of Chryslerville, Inc. of Milford, and his brother William E. Brown one of the defendants, was the pres-

ident of the corporation. Prior to June 8, 1967 the plaintiff discounted notes and loans to Chryslerville, Inc. Chryslerville, Inc. was engaged in the business of selling new and used cars, and collateral accounts were established with the plaintiff on which Chryslerville, Inc., through its manager and treasurer, endorsed promissory notes together with the purchasers of the automobiles from Chryslerville, Inc.

Sometime prior to June 8, 1967, the president of Milford National Bank and Trust Company, attorney Shelley D. Vincent, informed the defendant Joseph R. Brown, that many of the obligations in the collateral account of Chryslerville, Inc. were in arrears and that due to the length of time these accounts were in arrears the bank was compelled to take some action to collect the same; otherwise, the bank would be criticized by the bank examiners. Since Chryslerville, Inc. was unable to pay cash or bring these accounts up to date, Joseph R. Brown agreed to sign a note with his brother William E. Brown. The president of the plaintiff bank said that the wives of the defendants Joseph R. Brown and William E. Brown would also be required on such a note. The defendant Joseph R. Brown answered that he doubted that they would sign such a note.

On or about June 8, 1967 the defendants Joseph R. Brown and William E. Brown went to the plaintiff's place of business and in the office of the president and witnessed by the

president, they signed a note in the total sum of $9,054.63. For sometime thereafter the note remained in the possession of the Milford National Bank and Trust Company, and it was not credited to the collateral account in arrears of Chryslerville, Inc.

The defendants Hilda C. Brown and Josephine O. Brown were neither officers directors nor stockholders of Chryslerville, Inc. As a result of conversations by the defendant Joseph R. Brown and William E. Brown, their wives, Hilda C. Brown, and Josephine O. Brown, went to the plaintiff bank sometime after June 8, 1967 and signed the note in question. Their signatures were witnessed by the president's secretary at the bank. Neither the defendant wives nor the defendant husbands received any money after executing the promissory note. Although the total amount of arrears of Chryslerville, Inc. collateral account was $9,781.41 on June 16, 1967, after the promissory note had been executed by all the defendants, $8,993.81 was credited towards Chryslerville, Inc. collateral account. The difference between the original note of $9,054.63 and the amount credited of $8,993.81 on June 16, 1967 was made up by collection or payment at the Milford National Bank and Trust Company by the original purchasers and endorsers of the Chryslerville, Inc. notes.

The court made the following findings:
"I find that:

The defendant Joseph R. Brown was the treasurer and general manager of Chryslerville, Inc. and the defendant William E. Brown was its president.

"As a result of the corporation's default in payments of a promissory note, due the plaintiff, the defendant Joseph R. Brown was told by the president of the plaintiff bank that payment must be made or legal action would be taken to collect it, or the alternative of a promissory note signed individually by the defendants would be acceptable.

"The two defendants Joseph R. Brown and William E. Brown signed a promissory note on June 8, 1967 and their signatures were witnessed by the president of the bank. I find that as a result of conversations by said defendants with their wives, said wives, Hilda and Josephine O. Brown, signed the note, a copy of which is appended and made part of the finding. The signatures of the two wives were signatures as accomodation endorsers.

"I find (in case No. 15223) for the plaintiff on Counts 1, 2, 3, and 4 in the sum of $2,500.00 plus interest of $47.09 (at 6% per annum from November 9, 1967 to March 1, 1968). (There is to be but one satisfaction).

"I find (in case No. 15664) for the plaintiff on Counts 1, 2, 3, and 4 in the sum of $5,083.41 plus interest of $360.00 (at 6% per annum from November 9, 1967 to January 7, 1969). (There is to be but one satisfaction). With reference

to defendants' request for rulings in cases numbered #15223 and #15664, I rule as follows:—Denied''.

At the outset we are faced with the issue of the trial court's denial of the defendants' request for ruling that ''the court shall be warranted in finding that no consideration passed to the wives on said note''.

 The denial of such a request is equivalent to a ruling that the plaintiffs were entitled to recover as a matter of law. *Bresnick* v. *Heath*, 292 Mass. 293, 298.*

The court said in the *Bresnick* case ''It would have been simple for the trial judge to have made a statement that the defendant was found free from negligence as a matter of fact as the ground for denial of this request, or that the request had become immaterial because of a finding in favor of the defendant on the facts''.

Again in *Hoffman* v. *Chelsea*, 315 Mass. 54, 55 — the defendant requested a ruling that there is evidence to warrant a finding for the defendant and the trial judge denied this request. He found for the plaintiff. The court said the denial of such request ''unless such a ruling were rendered immaterial by a special finding or special findings of fact — was equivalent to a ruling as a matter of law that on the evidence a finding for the defendant could not have been made or, in other words, that as matter of law the evidence required a finding for

the plaintiff. Such a ruling could not rightly have been made, since, as already pointed out, the evidence warranted a finding for the defendant. And such a ruling was not harmless error.''

■ The trial judge was not required to believe the plaintiffs oral evidence even though uncontradicted. *Hoffman* v. *Chelsea,* 315 Mass. 54. *Owen* v. *Williams,* 322 Mass. 356, 361.

■ The trial judge in the instant case made several findings of fact, but none as to whether or not consideration passed to the wives who signed the notes or to their husbands.

These special findings of fact were not such as to render the defendants' requests for rulings immaterial.

Accordingly, the findings for the plaintiff are to be vacated and a new trial ordered.

DAVID ROSEN
 of Milford for the plaintiff.
PACIFICO M. DE CAPUA
 for the defendants.

---

* For comprehensive review of law involving requests for ruling see issues in 18 LEGALITE.