*Southern Division*

## DEANE BUILDING ASSOCIATES, INC.

v.

## BYRON N. BRUFFE

Argued: June 30, 1971 - Filed: October 29, 1971

*Present:* Murphy, P.J., Lee, *Covett, JJ.

Case tried to *White, J.* in the Third District Court of Plymouth #22987

**Covett, J.** This is an action of contract to recover $4500.00, deposited with the defendant as a guarantee on the plaintiff's part as liquidated damages in case it declined to purchase

certain premises located in Middleboro and Lakeville, Plymouth County, Massachusetts.

The answer is a general denial and further states that the plaintiff refused to purchase said land referred to under said agreement; in so doing the plaintiff breached said agreement while at all relevant times the defendant remained willing, ready and able to sell to the plaintiff the said land pursuant to the terms of the said agreement; the answer states further that the plaintiff had knowledge of the boundaries of said land from having viewed same and that the quantity of land was not precisely known by either of the parties but that both parties intended the subject matter of the agreement to be the land actually viewed.

The trial judge found for the plaintiff for $4500.00.

*At the trial there was evidence tending to show:*

On *April 15, 1969* the defendant went to the home of the president of the plaintiff corporation (hereinafter called "Plaintiff") with a mutual acquaintance who knew the parcel of land owned for the preceding six years by the defendant on Wood Street, Middleboro. On the recommendation of the acquaintance the plaintiff agreed, without seeing the land, to buy the parcel for $10,000 and another parcel in Lakeville for $2000.00. The plaintiff wrote out a purchase and sale agreement by hand on a printed form, asking for pertinent information

from the defendant as he wrote. On the question of the quantity of land there was some discussion, the defendant saying that he thought there were 35 acres and the plaintiff remarking that he would write "approximately 33 acres" to be sure. He went on to describe the property by reference to a previous deed by book and page. The plaintiff gave the defendant a check for $2000 as a deposit.

The agreement ran to May 15, 1969 and on May 14, the plaintiff's sought out the defendant, asking for an extension of time, saying that he didn't want to buy if the acreage was considerably short. The defendant refused an extension unless the plaintiff advanced a further sum of $2500. On that day the parties walked the perimeter of the land, locating boundary markers. The plaintiff told the defendant that he did not think there were 33 acres in the parcel and that he needed further time to check the records. At the site the plaintiff now advanced a further $2500 as additional deposit for an oral extension of about two weeks. The defendant was ready and able to convey at any time but on June 6, 1969 the plaintiff through his attorney notified the defendant that the quantity of land was insufficient and the plaintiff declined to purchase and demanded his deposit back. The defendant refused and on June 11, 1969 conveyed the land to a straw, one Donald Wheeler.

The quantity of land actually in the parcel turned out to be 27.1 acres. Assessor Malcolm

Buck of Middleboro testified that the town carried the parcel on its tax records as 23.85 acres.

At the close of the trial and before the final arguments the defendant made the following requests for rulings:

1. Where real property is described by a particular description, the addition of an inconsistent general description does not enlarge the grant.

2. In construing a deed or agreement, the court has the duty to ascertain the intent of the parties from the language used in the light of the surrounding circumstances.

3. When a deed or agreement contains an adequate particular description of property to be conveyed, it will not be controlled by a recital of quantity unless it clearly appears that it was the intention to convey a definite quantity.

4. Where the plaintiff has reason to suspect the accuracy of a quantity set forth in agreement, if in fact it is of the essence of the agreement to plaintiff, he should protect himself by so specifying.

5. Statement in an agreement amounting only to the expression of belief are not enough to entitle a party to rescission if they turn out to be unintentionally inaccurate.

The court allowed all of the defendant's requests for rulings.

The court made the following findings of fact:

I find that the plaintiff corporation, through its officers, signed an agreement with the defendant to purchase approximately 33 acres of land on Wood Street, Middleboro, Massachusetts. The plaintiff paid the defendant a total of $4500.00 towards the purchase of said land. From testimony of the defendant's witness there was evidence that only 27.1 acres was owned by the defendant, to be conveyed, this is a substantial deviation from the agreement.

I find for the plaintiff in the sum of $4500.00.

The defendant claims to be aggrieved by the general finding in favor of the plaintiff as being inconsistent with all of the above rulings of law and findings of fact.

In case of an inconsistency between the allowance of requested rulings and findings, the only remedies available to an aggrieved party are either a motion to correct the inconsistency or a motion for new trial to be adopted first and not a report to this court. *Neustadt* v. *Joyce,* 23 Mass. App. Dec. 81, 84; *Biggs* v. *Densmore,* 323 Mass. 106, 108; *Raytheon Mfg. Co.* v. *Indemnity Ins. Co.,* 333 Mass. 746, 749. [*Fritz* v. *Brennan,* 46 Mass. App. Dec. 26].

The condition precedent not having been met, an order should be entered **dismissing the report.**

JOSEPH H. ROSCH
of Rockland
THOMAS F. QUINN
of Plymouth