*Southern District*

## No. 53

## GRACE COBBETT

### v.

## THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

Argued: Feb. 12, 1973 - Decided: Apr. 26, 1973

*Present:* Murphy, P.J., Covett, Rider, JJ.
Case tried to *Owen, J.* in the Second District Court of Plymouth, No. 50325.

**Murphy, P.J.** This is an action of contract to recover medical expenses under a medical insurance policy issued by the defendant.

The defendant's answer contains a general denial, and further answers that the cause under which the plantiff seeks to recover was excluded from the medical insurance policy issued by the defendant; that the plaintiff failed to perform a condition precedent; and that no one had authority to remove the exclusion in question.

At the trial it was agreed by all parties: That the plaintiff was insured under the defendant's policy, number WCI 215 007A, as of January 7, 1970; that prior to January 7, 1970, the plaintiff had been insured by the defendant under similar policies but that these policies did not contain any exclusion; and that if the plain-

tiff were entitled to recover, damages would be in the amount of $414.16.

A brief summary of the evidence follows:

The plaintiff was insured under an existing policy of insurance for certain medical benefits on January 7, 1970, after having been solicited by David Jones, an agent of the company, for the sole purpose of increasing the amount of benefits for the plaintiff. The plaintiff signed an application for an increase in benefits under the existing policy. In the application dated January 7, 1970, the plaintiff represented that she had no physical impairments and that her health history consisted only of three annual checkups by a doctor. The defendant discovered that this statement was false, and that in September of 1969 her doctor had performed an electrical cauterization of her uterus in his office. Thereupon, the defendant, instead of issuing the increased benefits as applied for by the plaintiff, issued the increased benefits, excluding coverage for "any disorder or disease of the uterus or cervix." There was evidence that the plaintiff objected to this exclusion, and Mr. Jones, the agent, told her it would be removed by October 1, 1970 if there was nothing medically wrong with her. Thereafter, in October, 1970, the plaintiff signed an application for the removal of the exclusion, again denying any physical impairment, and disclosing only annual checkups for the past three years. Actually, she had been advised by

her physician to enter the hospital for a dilation and curettage of the uterus, prior to signing this application.

The pertinent questions asked by the defendant in both applications for increased insurance are as follows:

"II. Have you or the person, if any, named in Question I,

a. at any time been treated for or been told you or such person had trouble with any of the following: heart, high blood pressure, lungs, kidneys, urinary system, stomach, intestines, tumor, cancer, diabetes, back or joints, or any nervous disorders? .......................... No.

c. been examined by, or consulted a physician during the past five years? Yes.

d. Any known physical deformities, or ill health not covered by the answers to II a. through c., Part II? .............. No.

III. If any part of Question II., Part II, is answered 'Yes' what are the following details?

Annual checks past three years: Doctor Marcus, Washington Street, Hanover, Mass."

The plaintiff testified that the defendant's agent, Jones, told her sometime in October, 1970, that the exclusion clause had been removed and he gave her a card with the plantiff's policy number on it. This was sometime after

the plantiff had signed the second application for insurance.

At the close of the trial, the plaintiff filed 12 requests for rulings. We repeat here requests for rulings numbers 1, 3, 5, 7, 9 and 11, which are material, for the sake of clarity in this opinion, and we omit specific reference to requests numbers 2, 4, 6, 8, 10 and 12, which use the same phraseology, except the word "require" used in place of the word "warrant" in each request.

"1. The evidence warrants a finding for the Plaintiff.

3. The evidence warrants a finding that the Defendant removed the exclusion set forth on policy number WCI 215 007A.

5. The evidence warrants a finding that the Defendant sent its agent, David Jones, to the Plaintiff to inform her that the exclusion on policy number WCI 215 007A had been removed and therefore it was in said agent's apparent authority to remove said exclusion. *Alba* v. *Fireman's Fund Ins. Co.* 3NE2nd 36 (1936).

7. The evidence warrants a finding that the Defendant and its agent, David Jones, acted 'Contrary to good conscience and fair dealing' and therefore the Defendant is estopped from denying that the exclusion on policy number WCI 215 007A was removed. *McKeen* v. *Kasenskas* 132 NE 2nd 732 (1956).

9. The evidence warrants a finding that the Plaintiff and the Defendant, through its agent, David Jones, agreed to enter into a health insurance contract on January 7, 1970; that said contract would be identical in coverage to the Health insurance contract entered into between the Plaintiff and Defendant for the immediately preceding year with the only exceptions being increased benefits and premium; that the exclusion in policy number WCI 215 007A is not part of the bargained for and agreed upon contract between the Plaintiff and Defendant; and therefore said exclusion is null and void.

11. The evidence warrants a finding that policy number WCI 215 007A, without the exclusion contained therein, is the Health insurance contract agreed between the Plaintiff and Defendant; that said exclusion is a change in the original contract; that the Plaintiff did not assent to any change in the originally agreed upon contract; therefore the said exclusion is null and void and the plaintiff is entitled to recover full benefits under said policy. *Morse* v. *Fraternal Acc. Ass'n of America* 77 NE 491 (1906)."

The court found the requests for rulings "Immaterial in view of Finding of Fact," and found the following facts: "That the plaintiff made a false statement as to her medical his-

tory on an application for medical insurance coverage to the defendant. The defendant upon discovery of the false statement added an exclusion to the policy relating to treatment in regard to plaintiff's prior medical problem. The plaintiff objected to the exclusion and in October with knowledge that she was going to the hospital for treatment excluded in the policy, plaintiff signed another false statement as to her medical history in order to try to get the exclusion removed from her insurance policy, with the understanding that if the statement was true the exclusion would be removed by the defendant.''

The court found for the defendant.

 The plaintiff contends basically that the defendant, through its agent Jones, made a binding agreement with the plaintiff to issue a contract of insurance to the plaintiff without any exclusion clause in it, and, therefore, the defendant is bound by that agreement, but the judge did not so find. On the contrary, he found just the opposite; namely, that there never was any agreement between the plaintiff and the defendant company made through its agent, Jones, or otherwise, to issue the policy without the exclusion clause in it for obvious reasons; namely, her failure to disclose her condition, and the fact that she was scheduled to have an operation shortly after signing the second application in October 1970.

The plaintiff testified that Jones, the agent,

told her in October of 1970, that the exclusion clause had been removed from the policy. Obviously, the judge did not believe her testimony. In other words, her good health was a condition precedent to the exclusion clause being removed from the contract of insurance, and this is what the judge found as a fact. This finding of fact is decisive of the case. *Moss* v. *The Old Colony Trust Co.,* 246 Mass. 139. *Heil* v. *McCann,* 1971 Adv. Sheets 1675, and cases cited.

Declaring the twelve requests for rulings "immaterial" without ruling on them is tantamount to a denial of them. *Neustadt* v. *Joyce,* 23 Mass. App. Dec. 81, 84. *Strong* v. *Haverhill Electric Company,* 299 Mass. 455. *Ajax Shoe and Leather Co.* v. *Selig,* 305 Mass. 389. *Perry* v. *Hanover,* 314 Mass. 167, 175.

Having that in mind, and without reviewing each request in detail, suffice it to say that insofar as plaintiff's requests were for findings of fact, the judge was not obliged to grant them. *Crowninshield Shipbuilding Co.* v. *Jackman,* 283 Mass. 21.

Those refused, which were for rulings of law, were based on assumptions of facts not in accord with the facts found by the judge, and were thus rendered immaterial and were properly denied. *Mahoney* v. *Norcross,* 284 Mass. 153.

A request, although accurate as an abstract statement of law, is rightly denied

when it becomes immaterial because it is inapplicable to the facts found by the judge. *Pemberton Square Operating Company* v. *Lydon,* 292 Mass. 63. In other words, the court is not required to grant requests which correctly state the law when they are based on facts which the trial judge did not find. Likewise, requests for rulings become immaterial when the trial judge makes special findings of the basic facts against the requester, and further discussion on that point would be superfluous. *Horton v. Tilton,* 325 Mass. 79. *Perry* v. *Hanover,* 314 Mass. 167, 175. *Brodeur* v. *Seymour,* 315 Mass. 527. *Liberatore* v. *Framingham,* 315 Mass. 538. *Quinby* v. *Boston & Maine Railroad,* 318 Mass. 438. *Connell* v. *Maynard,* 322 Mass. 245.

We have reviewed the cases cited by the plaintiff in her requests for ruling, and we are of the opinion that these cases are clearly distinguishable from the case before us.

We perceive no prejudicial error in the action by the judge on any of the twelve requests for rulings, filed by the plaintiff, and **an order should be entered dismissing the report.**

ELLIOTT FINE
 for the Plaintiff

DOUGLAS G. MOXHAM
 for the Defendant