*Western District*

## No. 188

# MILFORD NATIONAL BANK AND TRUST COMPANY
## v.
# JOSEPH R. BROWN and others.[1]
## (and a companion case[2])

Argued: Oct. 18, 1976. Decided: Feb. 10, 1977

---

[1] Hilda C. Brown, William E. Brown and Josephine O. Brown.

[2] The companion case involves the same plaintiff and defendants.

Case tried to *Larkin, J.,* in the Third District Court of Southern Worcester. Numbers 15664 and 15223.

Present: Gould, P.J.; Cimini, Walsh, J.J.

Counsel for defendants: Pacifico M. DeCapua.

**Walsh, J.** This appeal concerns two actions of contract between the same plaintiff and the same four defendants which were consolidated and tried together. The actions are on the same promissory note and each defendant is sued in a separate count in each case.

The defendants answered by general denial in each case and raised certain other defenses among which was the defense of lack of consideration for the execution of the note.

The defendant Joseph R. Brown was the treasurer and general manager and his brother William was the president of Chryslerville, Inc. The plaintiff discounted notes and loans to said corporation, which was engaged in the business of selling cars, and collateral accounts were established with the plaintiff on which it indorsed promissory notes together with the purchasers of the automobiles. The plaintiff contacted Joseph some time prior to June 8, 1967 and

informed him that many of the obligations in the collateral account were in arrears and further stated that due to the length of time these accounts were in arrears, the bank was compelled to take some action to collect them or the bank would be criticized by the bank examiners. Since Chryslerville, Inc. was unable to pay, Joseph agreed to sign a note together with his brother William. Plaintiff's president said that the signatures of the defendants' wives would be required on such a note. Joseph said that he doubted that the wives would sign such a note. On or about June 8th Joseph and William went to the plaintiff's office and they signed the note in the total amount of $9,054.03. The note remained in the possession of the plaintiff and the collateral account was not credited at that time. The wives, Hilda C. Brown and Josephine O. Brown, were neither officers nor directors nor stockholders in Chryslerville, Inc. As a result of conversations with Joseph and William, the wives went to the bank some time after June 8th and signed the note in question. Neither the wives nor the husbands received any money after executing the note. The total amount of arrears of the Chryslerville, Inc. collateral account was $9,781.41 on June 16, 1967. After the note had been executed by all the defendants $8,993.81 was credited toward the account. The difference between the original note and the amount credited was made up by collection or payment at the plaintiff bank by the original purchasers and indorsers of the Chryslerville, Inc. notes.

The defendants made the following request for ruling of law, in each case:

1. If the court shall find that the note dated June 8, 1967 and signed by the defendants, Joseph R. Brown and William E. Brown was executed on June 8, 1967 and subsequent to that date the wives of the said defendants, Hilda C. Brown and Josephine O. Brown, signed the same note and said wives received no money or consideration [the court shall be warranted in finding that

that no consideration]³ passed to the said wives on said note."

The justice found for the plaintiff against each defendant in each case and limited recovery to one satisfaction in each case. He disposed of the requests for rulings in both cases and made findings as follows:

"I.   Allowed but see subsidiary findings of fact.

"SUBSIDIARY FINDINGS OF FACT
I find as a fact that the note here at issue dated June 8, 1967 was initially signed by the defendants Joseph R. Brown and William E. Brown for valid consideration. I further find that the subsequent signatures on said note by the respective wives of the above named defendants, namely Hilda C. Brown and Josephine O. Brown were also, in legal contemplation, amply supported by viable and adequate consideration sufficient to render the wives liable on the note together with their husbands."

■  There was no error in the justice's ruling.⁴ The defendants herein are not prejudiced where the court allowed their request for ruling that the evidence warranted a certain finding and then found differently as it merely meant that such a finding permissible. The ruling was not inconsistent with a finding favoring the plaintiff. If in fact the ruling constituted legal error, it would be harmless. *Hoffman v. Chelsea,* 315 Mass. 54, 56 (1943).

■  In a recent case with facts similar to the case at bar, our Supreme Judicial Court held that summary

3 The phrase in brackets was inadvertently omitted from the report as filed. However, it appears as quoted in the defendants' brief and defendants' counsel agreed at hearing to its content.

4 The defendants claim to be aggrieved by the denial of their requests for rulings. They allege this in the report and argue it in their brief but the requests were allowed as set forth in the findings of the trial justice.

judgment was in order under Mass. R. Civ. P. 56, 365
Mass. (1974). The principal issue was the correctness
of an order by a Superior Court judge granting sum-
mary judgment. Referring to evidence of considera-
tion, however, the court stated, "[w]e briefly make
reference to the undisputed fact that no consideration,
in the traditional sense of the word, passed to [defend-
ant] individually for his signature on the back of
the note. G.L.c. 106, §3-408, makes it plain, however,
that 'no consideration' is necessary for an instrument
or obligation thereon given in payment of or as
security for an antecedent obligation of any kind."
*Community National Bank v. Dawes*, Mass. (1976).[5]
Accord, *Lumbermen Associates, Inc. v. Palmer,* 344
F. Supp. 1129, 1130 (E. D. Pa. 1972), aff'd 485 F. 2d
680 (3d. Cir. 1973).

■ The defendants also claim to be aggrieved be-
cause the wives were not found to be accommodation
indorsers.[6] This is not now open as had they wished
to raise this issue, it should have been done by proper
request. *Burick v. Boston Elevated Railway,* 293 Mass.
431, 434 (1936). Moreover, there is no merit to the
contention. The facts do not warrant a finding that the
wives sustained the burden of proving they were
accommodation indorsers for the benefit of the bank.
*Community National Bank v. Dawes,* 1976 A.S. at
204. *Blanchard v. Porter,* 317 Mass. 44, 45 (1944).

Since we find no prejudicial error in the ruling
complained of, **the report will be ordered dismissed.**

---

[5] Mass. Adv. Sh. (1976) 194 at 207 n. 10.

[6] These cases were before the Appellate Division on a
prior occasion and a new trial was ordered. **Milford
National Bank & Trust Co. v. Brown,** 44 Mass. App. Dec.
151. In the first hearing the then trial judge found the
wives to be accommodation indorsers. The defendants'
brief alleges the judge so found in the present case. This
is also incorrect as shown by the findings of fact.