WALLACE C. RALSTON *vs.* JOHN L. ANTHONY & another. July 27, 1977. The plaintiff Wallace C. Ralston (Ralston) seeks to void the assignment of his twenty-one percent interest in a close corporation (Hallmark) to the defendants John Anthony (Anthony) and Vernon Haag (Haag) and to recover his pro rata share of an approximate 1.1 million dollar profit which Anthony and Haag subsequently made from the sale of Hallmark to a private investor. The handful of actual arguments which may be distilled from Ralston's prolix and disjointed brief fails to establish that reversal of the judgment of the Superior Court dismissing his action is required. 1. Ralston argues that Anthony and Haag, the dominant figures in Hallmark, breached their fiduciary duty to Ralston by prevailing upon him to assign his minority interest in Hallmark to them for $20,000 and in then selling it at a substantial profit to a private investor. See generally *Donahue* v. *Rodd Electrotype Co. of New England, Inc.* 367 Mass. 578 (1975); *Wilkes* v. *Springside Nursing Home, Inc.* 370 Mass. 842 (1976). This contention is without merit in view of the judge's findings that two banks which had furnished loans for Hallmark's purposes demanded the removal of Ralston as an officer of the corporation and additional collateral from Anthony, Haag and Ralston to secure these loans on the banks' learning that collateral which had been posted by Ralston for his personal loans with these banks was stolen property. The judge further found that the bank's demands and criminal involvement by Ralston would create a financial crisis for Hallmark and jeopardize a proposed public offering of its stock in which Ralston had been actively engaged in behalf of the corporation. In light of these circumstances Ralston is hardly in a position to argue that the purchase and resale of his stock constituted a breach of fiduciary duty. Contrast *Donahue, supra; Wilkes, supra; Cain* v. *Cain,* 3 Mass. App. Ct. 467, 473-479 (1975). 2. The judge found that Ralston, although confined to a mental institution at the time, was legally competent and understood what he was doing when he entered into an agreement to assign his interests in Hallmark and several related enterprises to Anthony and Haag. In our view, the record does not require a conclusion contrary to that of the

judge who had the opportunity to see and hear the witnesses. See
*Meserve* v. *Jordan Marsh Co.* 340 Mass. 660, 668 (1960); *Krasner* v.
*Berk,* 366 Mass. 464, 468-469 (1974). The terms of the agreement are
not shown to have been so unfavorable to Ralston as to require the
conclusion that he must have been incompetent when he signed the
contract. See *Meserve, supra,* at 662-668; *M. DeMatteo Constr. Co.* v.
*Daggett,* 341 Mass. 252, 261 (1960). 3. Since the assignment document
omitted a recitation of the consideration to be paid to Ralston for re-
linquishment of his stock, extrinsic evidence of the agreed considera-
tion was admissible. See *Maybury Shoe Co.* v. *Izenstatt,* 320 Mass. 397,
403-404 (1946). The memorandum with respect to consideration
drafted by Hallmark's attorney after the negotiations was admissible
as past recollection recorded. *Fisher* v. *Swartz,* 333 Mass. 265, 269-270
(1955). *Catania* v. *Emerson Cleaners, Inc.* 362 Mass. 388, 390 (1972).
It was open to the judge to accept the attorney's memorandum rather
than Ralston's testimony as the true account of the agreement between
the parties on the matter of consideration, viz., that Anthony and Haag
were to pay Ralston $20,000 for his stock if the Hallmark public offer-
ing should not materialize.

*Judgment affirmed.*

*Albert E. Grady* for the plaintiff.
*Jeffrey S. Entin* for the defendants.