Charlene TOBIN
V.
FIRST COUNT, INC. D/B/A
THE RED BARN

No. 8657

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

June 17, 1981

**Fred Welensky,** counsel for plaintiff
**William H. Clancy,** counsel for defendant

## OPINION

**BANKS, J.** This is an appeal by the plaintiff in the matter of an action of tort brought by plaintiff against defendant as a result of injuries received at the hands of another patron of defendant's place of business. In December, 1975 the defendant owned and operated an establishment known as The Red Barn in which alcoholic beverages were served and entertainment provided for the general public. On December 19, 1975 plaintiff was a patron in the Red Barn and was allegedly battered by a male patron, a stranger to her, with whom she refused to dance. All the evidence reported and the finding of the court was that the plaintiff was in fact struck on at least one occasion during the evening in question.

The plaintiff is presently before this Division claiming to be aggrieved by:
1.) the court's refusal to issue a warrant compelling the assailant to appear and testify, and

2.) the court's disposition of fifteen requested findings of fact and nine requested rulings of law, and 3. the court's exclusion of a certain affidavit discussed more fully below.

With regard to the denial of the plaintiff's request for issuance of a warrant, it is a fundamental principle underlying our legal system that "The administration of justice undoubtedly is a mutual benefit to all members of the community and every competent citizen is under an obligation to further it as a matter of public duty when summoned by due process of law to give evidence." Keown & McEvoy, Inc. v. Verlin, 253 Mass 374, 377 (1925). The implementation of this principle is aided by G.L. c. 233, sec. 6, which provides that a court "may" issue a warrant to compel the trial attendance and testimony of a witness who has failed to duly respond to a proper subpoena or summons. The permissive rather than mandatory terminology employed by the legislature in G.L. c. 233, however, makes it clear that the issuance of the warrant sought by the plaintiff herein was a matter resting solely in the discretion of the trial justice. See, Bloom v. Worcester, 363 Mass. 136, 161 (1973) and cases cited. It has been stated in this regard that "the issuing of a warrant is a matter of discretion, and before issuing it the court usually must be satisfied that the testimony is material, and that the failure to attend is without reasonable excuse." Barrus v. Phaneuf, 166 Mass. 123, 124 (1896).

In evaluating the trial court's denial herein of the plaintiff's request for the warrant in terms of the abuse of discretion standard, it would not appear that said denial constituted an action "that no conscientious judge, acting intelligently, could honestly have taken. Long v. George, 296 Mass. 574 579 (1937) and cases cited. There is no basis in the report for a determination by this Division that the assailant's testimony would be material or that he enjoyed no

reasonable excuse for failing to appear. Potential criminal liability for the alleged assault and battery, for example, may have resulted in the assailant's refusal to testify upon Fifth Amendment grounds.

Second, although the assailant's testimony as to his allegedly intoxicated state would be relevant to the plaintiff's claim, it would not be decisive of the defendant's liability. Assuming arguendo that the assailant was intoxicated at the time of the assault in question, such evidence would not definitively establish that the defendant continued to serve alcoholic beverages to the assailant after he had become intoxicated in violation of G.L. c. 138, sec. 69, or that the defendant should have been aware of the assailant's inebriated state. Conclusive proof of the defendant's actual violation of G.L. c. 138, sec. 69 would itself merely constitute some evidence of the defendant's liability but would not automatically establish the same. Carey v. New Yorker of Worcester, Inc., 355 Mass. 450, 453-454 (1969); Wood v. Ray-al Care, Inc., 349 Mass. 766 (1965); Kane v. Fields Corner Grille, Inc., 341 Mass. 640, 646-647 (1961).

In view of the above considerations, it would not appear that the trial justice's refusal to exercise his G.L. c. 233, sec. 6 authority herein constituted an abuse of discretion. It is essential to note that "only in rare cases can it be ruled that there has been an abuse of discretion amounting to an error of law". Bartley v. Phillips, 317 Mass. 35, 44 (1944); Gurney v. McIntires Dairy Inc., 50 Mass. App. Dec. 46, 49 (1972), and cases cited.

The plaintiff's second claim of error in the trial court's denial of her requests for findings of fact would also appear unavailing. A trial justice in a non-jury action is not obligated to enter subsidiary findings upon request unless said findings are required as a matter of law. Stella v. Curtis, 348 Mass. 458, 461 (1965); Plouffe v. Boudreau, 341 Mass. 728, 729 (1960); LaFoley v. Ferbas, 335 Mass. 769 (1957); D. P. Koshivas Construction Co. v. Finn,

56 Mass. App. Dec. 99, 102 (1975).

It is evident that a number of the findings requested by the plaintiff are warranted by the reported evidence. From the plaintiff's testimony it could be inferred that the assailant's turbulent conduct was observable or actually observed by the defendant's employees. The testimony of the plaintiff's companions taken in conjunction with Ms. Carlson's cross-examination statements would logically corroborate the plaintiff's testimony and permit a finding that the plaintiff was struck on two separate occasions by the assailant.

Contrary to the plaintiff's contention, however, said findings were not required as a matter of law. The plaintiff's cause is predicated entirely upon oral and somewhat conflicting testimony. The trial justice, as fact finder, was the sole arbiter of witness credibility, and he was free in that capacity to reject or disbelieve all of the plaintiff's oral evidence even where the same was uncontradicted. **Commonwealth v. Holiday,** 349 Mass. 126, 129 (1965); **Ralston v. Anthony,** 5 Mass. App. Ct. 859 859-860 (1977); **Milford Nat's Bank & Trust Co. v. Brown** 44 Mass. App. Dec. 151, 158 (1970). A finding of reversible error, therefore, in the trial court's denial of plaintiff's requests for findings of fact would constitute an impermissible substitution of this Division's judgement for that of the trial justice and an unwarranted intrusion into the trial court's realm of fact finding and credibility evaluation.

The trial court's disposition of certain of plaintiff's requested findings of fact may be deemed an entry of a subsidiary finding by the court that the plaintiff was the victim of a single assault. Said finding rendered immaterial certain of plaintiff's other requested rulings of law, and the denial of the same was thus proper. **Liberatore v. Framingham,** 315 Mass. 538, 541 (1944); **Lustig v. Convision** 42 Mass. App. Dec. 197, 203 (1969). Stated alternatively, all requests may be deemed to be premised upon assumed facts not found by the court so as to require their denial. **Cobbett v. The Prudential Ins. Co. of America,** 51 Mass. App. Dec. 57, 64 (1973); **Fain v. Fitzhenry-Guptill Co.,** 335 Mass. 6 (1956); **Wood v. Spedoni,** 328 Mass. 483 (1952). None of these requests test the sufficiency of the evidence to sustain the finding entered by the trial court, and this issue is thus not before the Division.

Plaintiff's third claim of appeal relates to the exclusion of the affidavit of one Sabrina Carlson, a waitress at the Red Barn at the time of the incident. In that affidavit taken January 29, 1976, Ms. Carlson related that she had seen the assailant in the establishment for one and a half to two hours prior to the incident and that . . . "(he) was a little loaded but I can't say he was really drunk". She recited that she saw the assailant stumble backwards down a small flight of stairs "as if pushed" and that upon investigating she found the plaintiff crying. In her affidavit Ms. Carlson asserted that approximately five minutes later she saw the same individual go up the flight of stairs quickly and strike the plaintiff in the face. At the trial Ms. Carlson testified to little recollection, until, memory refreshed by the affidavit, she testified to seeing the assailant stumbling down the stairs and to his subsequent striking of the plaintiff. The record is silent as to what, if any, testimony was given by her with regard to the time interval between the two incidents.

It would appear that there was no error in the court's exclusion of the Carlson affidavit offered as an admission by the plaintiff even assuming **arguendo** that the statements therein could be deemed a probative expression of liability. The report is devoid of any evidence that Ms. Carlson was authorized to speak for the defendant. See generally, **Barrett v. Wood Realty, Inc.** 334 Mass. 370, 373 (1956); **Sacks v. Martin Equipment Co.,** 333

Mass. 274, 270-280 (1955).

It is questionable whether the Carlson affidavit could have been accepted by the trial court as a prior inconsistent statement. Ms. Carlson's lack of memory of the events in question at the time of trial would not alone have permitted the introduction of the affidavit as an inconsistent statement. **Commonwealth v. Reddick,** 372 Mass. 460, 463 (1977); **Commonwealth v. Hartford** 346 Mass. 482, 487 (1963). Exclusion was also required to the extent that the affidavit could be viewed as a mere substantiation of Ms. Carlson's testimony given under cross-examination. **Wilson v. Jeffrey,** 328 Mass. 192, 194 (1951).

With regard to the admissibility of the affidavit as past recollection recorded it would appear that plaintiff established a proper evidentiary foundation for the affidavit as a truthful, reliable record of the witness' personal observations made at a time when the events in question were still fresh in the witness' mind. See, **Catonia v. Emerson Cleaners, Inc.** 362 Mass. 388, 389-390 (1972); **Commonwealth v. Mastone** 353 Mass 490, 494 (1968); **Fisher v. Swartz** 333 Mass 265, 270 (1955); Leach & Liacos, **Handbook of Massachusetts Evidence,** pp. 83-84 (4th ed. 1967). The admission of a writing into evidence as past recollection recorded rests in the discretion of the trial justice. **Ellengswood v. Silver,** 352 Mass. 34, 40 (1967). As such its admissibility, while warranted, may not have been required and its exclusion harmless error. While the affidavit tends to be corroborative of plaintiff's contention that two incidents took place separated in time (contra the findings of the Court) it is not conclusive on that point. Moreover, the affidavit is replete with hearsay statements some supportive of plaintiff's position (e.g. "Cheryl (another waitress) said he had been bothering her all night and asking her to dance") but others equally supportive of defendant (e.g. (after the first incident) "I asked if he had

been bothering them and one of the girls at the table said it was all right and they had gotten rid of him").

On balance the exclusion of the proffered affidavit cannot be said to have been an abuse of discretion on the part of a sole trier of facts. There being no error, the report is dismissed.

**Elliott T. Cowdry, P.J. Justice**

**James B. Tiffany, J. Justice**

**Robert L. Banks, J. Justice**