**Oloose CHICOINE**
vs.
**Helen SONNEMAN and
Patricia TALLIS**

**No. 320**

District Court/Hampden, ss
Appellate Division/Western District
Commonwealth of Massachusetts

**November 4, 1982**

**Joel Pentlarge, Esq.,** counsel for plaintiff.
**Pro Se,** counsel for defendants.

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting in Springfield upon report from the Spencer Division of the District Court Department and it was found and decided that there was no prejudicial error.

It is hereby ordered:

That the Clerk of the Spencer Division of the District Court Department make the following entry in said case on the docket of said Court, namely: - Report Dismissed.

Date: November 4, 1982
**Mel L. Greenberg, Justice**
**Allan McGuane, Justice**
**Frances J. Larkin, Justice**
Opinion filed herewith
**Robert E. Fein, Clerk**

## OPINION

**Larkin, J.** This case presents the not unfamiliar question of whether a party may, for the first time, raise an issue on appeal to the Appellate Division where he has failed to file requests for rulings with the trial judge specifically addressing and illumining the issue now sought to be appealed.

The record indicates that the appellant/tenant, Oloose Chicoine, (hereinafter the tenant) began renting an apartment at 33 East Main Street in Warren from the appellee/landlords, Helen Sonneman and Patricia Tallis, (hereinafter the landlords) in March of 1978. At the beginning of the tenancy the tenant paid to the landlords a security deposit of one month's rent of $125. On April 30, 1979, after giving notice to the landlords, and after the expiration of her lease, the tenant vacated the apartment.

At the conclusion of the tenancy the record shows that the landlords neither returned the tenant's security deposit, nor sent a list of the alleged damages done to the apartment within thirty days of the tenant's vacating the apartment. Accordingly, the tenant brought a civil action in the District Court of Western Worcester to recover her security deposit pursuant to M.G.L. c. 186, sec. 15B. After a trial at which neither party filed requests for rulings of law, the district court entered judgment on May 7, 1980 for the tenant in the amount of $125, the exact amount of the security deposit but without allowing triple damages, a reasonable attorney's fee or the costs of the action.

The tenant filed a timely motion to alter or amend the judgment to provide for triple damages, costs and reasonable attorney's fees, pursuant to M.G.L. c. 186, sec. 15B. The district court denied this motion to alter or amend the judgment on November 28, 1980.

The tenant filed a request for report, a request to extend time for filing the request for report, and a draft report. On January 2, 1981 the district court entered an order allowing the tenant's request to extend the time for filing a request for report and a draft report. The district court further entered an order which provided that:

"Plaintiff's Request for Report is DISMISSED for the reason that it raises no question of law for review by the Appellate Division." Report p. 2.

The tenant filed a further request for report and draft report on the dismissal of the first request for report. This second request for report and draft report were allowed after hearing and are the basis of the present appeal.

It is the essence of the tenant's position that the tenant's request for report, subsuming in a general fashion the question of the non-award of treble damages, presented a question of law for review by the Appellate Division in the absence of the requisite filing of requests for rulings. We do not agree with this position. There are few propositions of more pervasive precedental impact than the rule which provides that a party may not raise and argue on appeal, as of right, legal issues where no requests for rulings addressing those issues have been filed with the trial court. Dist. Ct. R. Civ. P. 64 (b) specifically states that "Requests for rulings **shall be in writing and presented to the court before the beginning of any closing arguments x x x.**" (emphasis supplied). Cases affirming the policy reasons behind the philosophy reflected in Rule 64 (and its variant statutory or regulatory precurors) are legion. See, **e.g. Burick v. Boston Elevated Railway,** 293 Mass. 431 (1936); **Haines Corp. v. Winthrop Square Cafe, Inc.,** 335 Mass. 152 (1956); **Lowe & Mogilnicki v. Brownville,** 56 Mass. App. Dec. 155 (1975) (Construing Rule 27, District Court Rules, 1965, as amended). **Milford National Bank & Trust Co. v. Brown,** 59 Mass. App. Dec. 164 (1977).

The reason for this rule is not based on some irrational exotica but rather is squarely premised upon the exactitudes of

orderly judicial administration. More specifically, a trial judge ought to be directly and pointedly apprised of those legal issues which a party is pressing and which if resolved adversely to his position will be argued on appeal. Fairness and orderliness require that such issues be framed and focused precisely for a frequently busy trial judge so that the judge may address them with deliberation as well as dispatch.[1] On a record such as this (the landlords had counterclaimed for damages to the apartment and had submitted bills showing money spent on repairs to the premises after the tenant had left), the fact that the issue of the claimed treble damage award always lurked the surface of tenant's pleadings and evidential presentation is not an adequate substitute for the requisite request for ruling process.[2] Accordingly since there is no error the judgment of the trial court is affirmed and the Report is dismissed.

**Frances J. Larkin, J.**
**Mel L. Greenberg, J.**
**Allan J. McGuane, J.**

This certifies that this is the OPINION of the Appellate Division in this cause.

**Robert E. Fein, Clerk**

[1] As stated in an analogous context: "The purpose x x x is to require the trial judge to formulate and articulate his findings of fact and conclusions of law in the course of his consideration and determination of the case and as a part of his decision making process so that he himself may be satisfied that he has dealt fully and properly with all the issues in the case before he decides it and so that the parties involved **and the court on appeal** may be fully informed as to the basis of his decision when it is made." **Roberts v. Ross,** 344 F.2d 747, 751-752 (3rd Cir. 1965) cited with approval in **Markell v. Sidney B. Pfeifer Foundation,** Mass. App. Ct. Adv. Sh., 557, 560 (1980); see also **Cormier v. Carty,** Mass. Ad. Sh. (1980) 1783, 1785.

[2] In this regard, see, **DeMoulas Super Markets, Inc. v. Peter's Market Basket, Inc.,** Mass. App. Ct. Adv. Sh. (1977) 1296; **Westinghouse Electric Supply Co. v. The Healy Corporation,** Mass. App. Ct. Adv. Sh. (1977) 69. In **Westinghouse,** the Appeals Court said in reflecting on the appellate process: "Appellant is mistaken in its belief that it is entitled to have its appeal heard as of right so long as its appeal presents a meritorious issue x x x. Rather, we believe the proper perspective to be that rules are meant to be followed."