Ruma, J.
This is an action for breach of contract and G. L. c. 93A unfair and deceptive practices in which the plaintiff seeks to recover both statutory damages and the purchase price of a new automobile.
Judgment was entered for the defendant.
The reported evidence indicates that: On March 31, 1980, the plaintiff purchased a new Buick Regal Limited from the defendant for the sum of $10,106.30. The plaintiff inspected the vehicle at the time of delivery and found no defects.
Three months later, the plaintiff noticed a slight scratch on the right passenger door which was there through no fault of the defendant. Upon closer examination, the plaintiff observed that the door was marred by a deep gouge which had been filled with Bondo and that the color of the door did not match that of the rest of the car. The plaintiff notified the defendant’s sales manager of the problem, but was told simply that the defect was “yard damage.” The matter remained unresolved despite repeated efforts by the plaintiff.
In August, 1980, the plaintiff had the car examined by an auto body expert who concluded that the door had been repaired and repainted. Specifically, the expert determined that three-quarters of the right passenger door had been damaged; that an excessive quantity of Bondo had been utilized; that the door had been straightened, refinished and then repainted; and that the door paint was a completely different color than that applied to the rest of the car. The auto body expert also indicated that the paint was at least two months old and of an inferior quality, and that the workmanship of the completed door repairs was poor. It was estimated that the original damage could have been properly repaired at a cost of approximately $250:00. The plaintiff testified that, in. his opinion, the vehicle had ho present value.
The defendant presented no evidence at trial.
The trial justice made no subsidiary findings of fact, and entered judgment , for the defendant. ' •
The plaintiff has claimed an appeal to this Division on a charge of error in the court’s .denial of his motion for a new trial and disposition of eleven requests for rulings of law', including the following:
*218 “1. Upon all the evidence, a finding for the plaintiff is warranted and the plaintiff specifies the failure of the defendant to deliver to him a vehicle new in all respects and free from any damage, unless such damage was shown to him.
ALLOWED, BUT I DO NOT SO FIND.
“11. The defendant violated rules and regulations of the Attorney General, Consumer Protection Division, 940 CMR 3.00 as an unfair practice in selling a reconditioned vehicle without notice to the plaintiff.
DENIED, SEE ANSWER TO REQUEST #1.”
1. There was no error in the trial court’s disposition of plaintiffs request for ruling number one. It is familiar law that the allowance of a request that the evidence “warrants” a finding in favor of the requesting party is proper where evidence is adduced at trial to support the requesting party’s claim or defense. Digesse v. Columbia Pontiac Co., 369 Mass. 99, 102-104 (1975). The trial court’s qualified allowance herein of plaintiffs request number one signified that although proof of the defendant’s breach of contract and unfair and deceptive practices was advanced by the plaintiff, the court’s ultimate finding would be for the defendant. No inconsistency attends such a ruling. Wood v. Spedoni, 328 Mass. 483, 485 (1952). The propriety of the court’s disposition of request number one derives from its allowance of the request which demonstrated the court’s awareness and consideration of evidence in the plaintiffs favor. In cases replete with factual issues such as the one at bar, however, it remains the prerogative of the trial justice, as fact finder and arbiter of the credibility and weight of testimony, to disbelieve even uncontro-verted evidence. Moroni v. Brawders, 317 Mass. 48, 56 (1944); Tobin v. First Count, Inc., 1981 Mass. App. Div. 129, 131 and cases cited.
2. The court’s disposition of plaintiffs request for ruling number eleven was, however, inadequate.
Request number 11 sought a determination that the legal effect of the sale of a reconditioned vehicle as new without notice to the buyer is a violation of 940 CMR 3.00 of the Attorney General’s Regulations for the enforcement of the Consumer Protection Act, G.L.C.93A.[2] The court’s denial of request number 11 is logically susceptible of only two constructions: (1) that the request misstated the applicable law; or (2) that the court disagreed with the assumed facts of the sale of a reconditioned vehicle upon which the request is predicated. Either construction compels the determination that the court’s treatment of request 11 was error. The request correctly states the controlling law that the sale of any rebuilt, remanufactured or reconditioned product, including an automobile, as new without notice to the buyer constitutes an unfair and deceptive act violative of G. L. C.93A, §2. See 940 CMR 3.15(1), 3.16(2) and (3); George A. Pickering, Inc. v. Blue Hill Lincoln Mercury, Inc., 1984 Mass. App. Div. 145, 153 and cases cited. The denial of a request which embodies a relevant and correct proposition of law is clearly improper.
If, conversely, the court denied the request because it was premised on facts inconsistent with those determined by the court, subsidiary findings should have been made. Rule 64(b) of the Dist./Mun. Cts. R. Civ. P. expressly provides:
“Whenever any request for ruling founded upon evidence, shall be refused upon the ground that is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the *219 court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appear from special findings filed.”[3]
See, e.g., Ajax Shoe & Leather Co. v. Selig, 305 Mass. 389, 391 (1940). The court’s shorthand reference “see answer to request #1” in its disposition of request 11 did not satisfy the requirements of Rule 64(b). The words “but I do not so find” appended to the court’s allowance of request number 1 could have signified a rejection of either the specific or ultimate finding sought by the plaintiff in his first request. Rule 64(b) envisions a concise statement of specific facts adopted by the trial court which directly render inapplicable the assumed facts presented in a request for ruling. A request for ruling:
“which state [s] correct principles of law or relate [s ] to factual situations, which if found to exist would be decisive of an issue in the case. . .require[s] the judge to grant [it] or to state facts found by him which made the request inapplicable. . . .”
Stella v. Curtis, 348 Mass. 458, 463 (1965). The failure of the trial court herein to make special findings of fact in conjunction with its denial of request 11 was error.
3. Accordingly, the trial court’s judgment for the defendant is hereby vacated. Case remanded for a new trial.

 The Regulations of the Attorney General at 940 CMR 3.15 state, in pertinent part: u(Y)Newfor Used'. It is,. .[an] unfair and deceptive trade practice for a seller to .. .sell any product which is.. .rebuilt, remanufactured, reconditioned or contains rebuilt, remanufactured, or reconditioned parts; or has the appearance of being new when it is not."

 This subsection of Rule 64 is an exception to the general rule that a district court trial justice is ordinarily not obligated to issue findings of fact in a civil case Dist./Mun. Cts. R. Civ. P. 62(a); Ashapa v. Reed, 280 Mass. 514, 516 (1932). We deem Rule 64(b) to set forth the better practice for “it often may be desirable for the trial judge voluntarily to make special findings of fact.. .for the information of the parties and the presentation of the real question of law for review...." Memishian v. Phipps, 311 Mass. 521, 523 (1942). See also, Gardner v. Burke, 1986 Mass. App. Div. 161, 162.